ROGERS v. MYERS.

Opinion delivered April 26, 1920.

1. EXCEPTIONS, BILL OF—EXTENSION OF TIME FOR FILING.—Under Acts of 1909, p. 890, providing that where a verdict is rendered within three days of the final adjournment of the court motion for new trial and prayer for appeal may be presented to the judge within 30 days from the date of the verdict or decision, *held* that the trial judge has no power to extend the time for presenting the bill of exceptions, and a bill presented after the thirty days is without authority.

2. APPEAL AND ERROR—PRESUMPTION IN ABSENCE OF BILL OF EXCEPTIONS.—In the absence of a bill of exceptions, it will be presumed that the evidence was sufficient to support the verdict, and that the issues were properly submitted to the jury.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*J. E. London,* for appellant.

1. Appellant was not liable under the law, as the evidence fully shows. 79 Ark. 357.

2. The appeal was in time. 38 Ark. 216.

*O. D. Thompson,* for appellee.

1.   The bill of exceptions was not settled and filed within the time prescribed by law.   95 Ark. 331.

2.   The evidence sustains the verdict, and there is no error in the instructions.   103 Ark. 4; 102 *Id.* 200.

McCulloch, C. J.   Appellee, a boy fifteen years old, was with a party in an automobile driving up Soap Hill, in Crawford County, when the car came to a stop, and it became necessary to crank it to start it again. Appellee was not the driver of the car, but the duty was assigned to him of cranking the car, and while he was attempting to perform that duty the car backfired and the crank flew back and struck his arm and broke it.

He was the plaintiff below in this action, and he charged in his complaint that appellant owned the car and employed him to go along on the trip to carry water to put in the radiator and to crank the car when necessary, but that he was inexperienced in handling automobiles and in starting them, and that appellant was guilty of negligence in failing to properly instruct him.

There was a trial of the issues below, which resulted in a verdict in appellee's favor.   The trial of the case closed the day before the adjournment of the circuit court and the motion for a new trial was not filed during the term, but was presented to the trial judge within thirty days from the date of judgment.   The trial judge endorsed on the motion for new trial an order overruling the same and allowing an appeal to the Supreme Court, and extending appellant's time for filing the bill of exceptions ninety days from that date.   The bill of exceptions was not presented to the judge within the specified time, but several weeks later it was presented to the judge and was signed and filed with the clerk of the court.   It contained a recital that on account of the illness of appellant's counsel the bill of exceptions could not be prepared within the time allowed, and the circuit judge granted further extension beyond the ninety days originally allowed.

The act of May 31, 1909 (Acts of 1909, p. 890), provides that where a verdict is rendered within three days of the final adjournment of a term of court, "a motion for a new trial, with an alternative prayer for appeal to the Supreme Court in case said motion be overruled, may be presented, upon reasonable notice to the opposing party or his attorney of record, to the judge or chancellor, * * * at any time within thirty days from the date of the verdict or decision, and such judge or chancellor shall pass upon said motion and endorse his ruling thereon, upon the back of the motion, either granting the motion or overruling same; and if said motion be overruled he shall endorse upon said motion his order granting an appeal to the Supreme Court, and his further order specifying a reasonable time allowed in said cause for filing a bill of exceptions."

This statute does not confer upon the trial judge a continuing power with respect to fixing or changing the time for filing bills of exceptions. It confers specifically a power which is to be exercised only within the time mentioned, that is to say, thirty days from the date of the verdict or decision. And the judge had no authority to make an order after that time or to change the time fixed within that period for filing the bill of exceptions.

The filing of the bill of exceptions in the present case was, therefore, at a time which was not allowed under the statute, and it can not be considered on this appeal. The case stands here without a bill of execptions, and since there is no error appearing on the face of the record we must indulge the presumption that the evidence was sufficient to sustain the verdict, and that the issues were properly submitted to the jury.

Judgment affirmed.