## VAUGHAN *v.* HINKLE.

### Opinion delivered November 15, 1920.

1. APPEAL AND ERROR—MOTION FOR NEW TRIAL UNNECESSARY WHEN.—An appeal by plaintiff from an order overruling his motion to retax the costs will not be dismissed because no motion for new trial was filed where the court's findings of fact bring into the record the error complained of.

2. COSTS—ON APPEAL.—Where, on a former appeal herein, this court held that an attachment was properly issued and wrongfully dissolved, the losing party became liable for the costs incurred under the attachment.

3. ATTACHMENT—ALLOWANCE FOR FEEDING CATTLE ATTACHED.—Where a sheriff employed plaintiff to care for attached cattle at a stipulated price, without having obtained an order of court to that effect, while such contract is not binding, a reasonable allowance should be made, not exceeding that agreed upon between plaintiff and the sheriff.

Appeal from Independence Circuit Court; *Dene H. Coleman,* Judge; reversed.

*Samuel M. Casey,* for appellant.

1. This litigation grows out of the case in 131 Ark. 197 which was reversed. When the case was retried, plaintiff Vaughan recovered judgment, *which carried the costs of the case,* and Vaughan is entitled to pay for the care and feed of the cattle. The effect of the decision of the circuit court was that the sheriff was legally in possession of the cattle, and, being legally in possession, he could make a binding contract for care and feed

without procuring an order of court in advance. The order directing him to take the cattle and hold them subject to the orders of court included the authority to secure feed and attention for the cattle without any further order of court. The court erred in disallowing the motion to retax the costs.

2. No motion for new trial was necessary, as the error appears of record. 46 Ark. 17; 57 *Id*. 374; 93 *Id*. 85; 61 *Id*. 33.

3. The court having elected to make a finding of facts in its judgment, this is conclusive on appellees on this appeal. As a matter of justice, the failure of the sheriff to make his return showing his contract for keeping the cattle should not prevent appellant from collecting his pay. The cattle were not taken under Kirby's Digest, § 366, but under §§ 4966-9. No order of court was necessary before incurring the expense of feeding and caring for the cattle.

*John B. & J. J. McCaleb,* for appellees.

1. No motion for new trial was filed, the errors do not appear of record. 27 Ark. 37; 26 *Id*. 452. See, also, 21 *Id*. 398; 46 *Id*. 17; 53 *Id*. 204; 93 *Id*. 382; 215 S. W. 385.

2. The judgment below is correct. There was no competent evidence that any such contract was ever made as that upon which appellant relies. The return of the sheriff was the best evidence, and no such return was ever made, and the parol evidence of appellant was not admissible or competent. Kirby's Dig., § 365. Parol evidence was not admissible. 22 C. J. 1007-8-9. The sheriff's return was not offered in evidence, and there was no competent evidence upon which to base a claim for compensation. If any such contract was made, it was against the law. Kirby's Digest, § 366; 38 Ark. 536. Courts uniformly refuse to allow fees or costs where the trustee or custodian is guilty of recklessness or mismanagement. 34 Cyc. 468; 82 Pac. 114; 151 S. E. 391; 107

N. W. 1063; 169 Fed. 497; 91 Atl. 514; 205 U. S. 202; 51 (Law. Ed.), U. S. 807; 75 Ark. 300; 65 *Id.* 219.

SMITH, J.   The present appeal is a continuation of the case of *Vaughan* v. *Hinkle,* reported in 131 Ark. at page 197.   As appears from the opinion on the former appeal, the original suit was instituted by Vaughan to collect from Hinkle the purchase price of a sum of money due upon the sale of one hundred and six head of cattle. At the original trial the court held that there was no legal evidence of a sale and directed a verdict in Hinkle's favor.   The court also held that the attachment which had been issued should be quashed because no bond had been given by the plaintiff.   We reversed the judgment in that case, and, in doing so, held that the testimony set out in the opinion made a case for the jury, and further that the court erred in quashing the writ directing the sheriff to take possession of the property.   The cause was remanded for a new trial, and upon the retrial of the cause there was a verdict and judgment for Vaughan.   Thereafter Vaughan filed a motion to retax the costs, and upon the hearing of this motion the court made the following findings of fact:

"*First.*   That the sheriff without an order of court made a contract with the plaintiff, Vaughan, to care for the 106 head of cattle for 20 cents per head per day, and that the plaintiff kept 104 head of said cattle for fifty-eight days under said contract, and thereafter sold the cattle without an order of court, and while this cause was yet pending.

"*Second.*   That the sheriff has not made any return of expenses thus incurred.

"*Third.*   That the sheriff was without legal authority in making said contract, without an order of court.

"*Fourth.*   That, under the circumstances of this attachment as shown by the evidence on the main trial of this case, this was an unnecessary, unreasonable and unwarranted expense, and should not be taxed as costs against the defendants."

Upon these findings the court overruled the motion to retax the costs, and Vaughan saved his exceptions and has prosecuted this appeal.

It is first insisted that the appeal should be dismissed for the reason that no motion for a new trial was filed. But that was unnecessary, as the court's findings of fact bring into the record the error complained of.

It appears from the first finding of fact that the sheriff made a contract with Vaughan to feed and care for the cattle at 20 cents per head per day, and that Vaughan kept 104 head of cattle for fifty-eight days under this contract. The final statement in the first finding of fact, together with the second, third and fourth findings of fact, disclose the reason of the court for disallowing any part of the costs claimed by Vaughan. These findings are: (a) That Vaughan sold the cattle while the cause was still pending without an order of court; (b) that the sheriff had not made any return of the expenses incurred under his contract with Vaughan; (c) that the sheriff had no authority to make a contract without an order of court.

It appears from the testimony found in the bill of exceptions that Vaughan retained control of the cattle under his contract with the sheriff until the attachment was dissolved by the court. There was also a verdict of the jury returned under the directions of the court finding that there was no sale. With the cattle thus left on his hands, Vaughan sold them and prosecuted an appeal to this court with the result which has already been stated.

The effect of the former opinion in this case, together with the trial in the court below upon the remand of the cause, is to establish the fact that the attachment properly issued and was wrongfully dissolved. This being true, the losing party became, and is, responsible for the costs incurred under the attachment.

The court below was correct in holding that the sheriff should have obtained an order for the care of the

attached property, it being live stock, which necessarily required expensive feeding. Failing to obtain an order of court to make the contract, there can be no recovery on the contract. But, as the expense was a necessary one, a reasonable allowance should be made on that account, and on the remand of the cause the court will hear testimony on the value of the services rendered and allow reasonable compensation therefor.

What we have just said disposes of the contention that the sheriff made no return of the expenses incurred. Such return, for the reasons stated above, would not have been conclusive, had it been made.

It has now been made to appear that Vaughan should not have sold the cattle upon the dissolution of the attachment; but that circumstance affords no reason for not allowing reasonable compensation for necessary attention to the cattle during the time they were properly impounded, towit; fifty-eight days.

The judgment of the court below will, therefore, be reversed and the cause remanded with directions to fix a reasonable compensation, not exceeding that agreed upon between Vaughan and the sheriff.