KNIGHTS OF PYTHIAS OF NORTH AMERICA, SOUTH AMERICA, EUROPE, ASIA, AFRICA AND AUSTRALIA *v.* BOND.

## Opinion delivered October 27, 1913.

1. APPEAL AND ERROR—ERRORS—BILL OF EXCEPTIONS—FAILURE TO SET OUT ALL THE EVIDENCE.—Where a bill of exceptions recites "this record does not contain all the evidence," where it is contended that the evidence was insufficient to warrant the verdict, the court will presume that every fact necessary to sustain the verdict was established by the evidence. (Page 544.)

2. BILL OF EXCEPTIONS—AMENDMENT—POWER OF TRIAL COURT AFTER EXPIRATION OF TERM.—It is within the power of the trial court to permit a bill of exceptions, filed within time, to be amended so as to make it speak the truth, but the court has no power, after the closing of the term to allow a new bill of exceptions to be filed. (Page 544.)

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; affirmed.

*L. J. Brown* and *Thomas J. Price,* for appellant.

*S. A. Jones* and *Carmichael, Brooks, Powers & Rector,* for appellee.

1. The judgment should be affirmed for want of a proper bill of exceptions. A trial court has no power, after the lapse of the term in which a case was tried, to extend the time for filing a bill of exceptions. 52 Ark. 554; 38 Ark. 216; 42 Ark. 488; 45 Ark. 102; 53 Ark. 415; 103 Ark. 44; 58 Ark. 110.

Not only must a bill of exceptions be *filed,* but it must also be *signed by the trial judge,* within the time fixed by the court. 34 Ark. 627; 37 Ark. 528; 95 Ark. 331; 82 Ark. 164.

2. Where a purported bill of exceptions contains the affirmative statement in the judge's certificate: "This record does not contain all the evidence," the conclusive presumption is that every fact necessary to sustain the finding and judgment of the court was proved. 95 Ark. 302; 79 Ark. 263; 40 Ark. 185; 44 Ark. 74; 72 Ark. 21.

McCULLOCH, C. J. This is an action instituted below by appellee against appellant, a fraternal insurance

society, to recover the amount of a benefit certificate issued on the life of one of its members, now deceased.

The errors complained of are that the evidence is not legally sufficient to sustain the judgment, and that incorrect instructions were given at the instance of appellee, and that correct instructions requested by appellant were refused.

These errors must have been brought upon the record by bill of exceptions before they could be considered here.

There is in the record what purports to be a bill of exceptions duly signed by the trial judge and filed within the time allowed by the court; but there is an affirmative statement at the conclusion, reading, "This record does not contain all the evidence." In other words, the trial judge certified that the bill of exceptions did not contain all the evidence. This being true, we must indulge the conclusive presumption that every fact necessary to sustain the verdict of the jury was established by the evidence.

While the bill of exceptions appears to have been signed by the trial judge and filed within the time prescribed by the order of court, there also appears in the record an order of the court, made on the day that the bill of exceptions was filed, showing that it had not been signed by the trial judge, but was filed for his consideration. Later, and after the expiration of the time for filing the bill of exceptions, there appears an order of the court striking the bill of exceptions from the files and granting appellant leave to prepare and file another bill of exceptions within two weeks from that time.

It is, therefore, clearly established by the whole record that the bill of exceptions was not, in fact, signed by the trial judge until long after the time specified in the order of the court. At the time the order was made giving a further extension, it was beyond the power of the court to do so, for the term had closed, and the court lost its power in the premises further than to allow amendments to the bill of exceptions. It is within the

power of the court to permit a bill of exceptions filed within time to be amended so as to make it speak the truth, but the court has no power, after the lapse of the time, to allow a new bill of exceptions to be filed.

There is, therefore, nothing before us for consideration, and the judgment must be affirmed. It is so ordered.