INCORPORATED TOWN OF CORNING v. THOMPSON.

Opinion delivered June 1, 1914.

1. JUDGMENT—FINALITY—MOTION FOR NEW TRIAL.—Where judgment is rendered, and the court does not pass upon a motion for a new trial filed, during that term, after the expiration of the term, the judgment becomes final, and the court has no power to set the same aside at the succeeding term. (Page 239.)

2. JUDGMENT—MOTION FOR NEW TRIAL—CONTINUANCE.—Where a judgment has been rendered, the filing of a motion for a new trial and the continuing of the cause thereafter, does not have the effect of setting aside the judgment. (Page 239.)

3. JUDGMENT—ADJOURNMENT OF TERM—FINALITY.—Where a judgment is entered and becomes final by adjournment of the term during which the judgment was rendered, it can not be opened up and a new trial granted at a subsequent term. (Page 239.)

Appeal from Clay Circuit Court, Western District; *J. F. Gautney*, Judge; reversed.

STATEMENT BY THE COURT.

The attorney for the incorporated town of Corning filed an information with the mayor, charging the appel-

lee with the crime of running a house of assignation contrary to the ordinances of the town. Appellee was convicted by the mayor and appealed to the circuit court. In the circuit court he was tried by a jury, who returned a verdict of guilty against him, assessing his fine at the sum of $25. The court, at that term of the court, entered a judgment in favor of the appellant against the appellee for the sum of $25, as a fine, and all costs, and directed "that if said fine and costs are not promptly paid, said defendant be remanded to the custody of the sheriff of Clay County, and that he be confined in the jail of said county until said fine and costs are fully paid, not to exceed one day for each seventy-five cents."

On the next day after this judgment was entered, appellee filed his motion for a new trial, and the record shows that "the cause is continued until court in course." At the succeeding term of the court, the court set aside the verdict for the reason that there was "not sufficient evidence to support it," and entered up a judgment discharging the appellant and his bondsmen, and for costs against the town. This appeal has been duly prosecuted.

*J. N. Moore,* for appellant.

The verdict of the jury was right and should stand. No brief for appellee.

WOOD, J., (after stating the facts). Section 2421 of Kirby's Digest, provides: "The application for a new trial must be made at the same term at which the verdict is rendered, unless the judgment is postponed to another term, in which case it may be made at any time before judgment."

This statute contemplates that the motion for a new trial shall be made at the same term of the court at which the verdict is rendered, and that it shall be acted upon at that term unless the judgment is postponed to another term. In the present case, judgment was entered at the term of the court at which the trial was had, and that term of the court adjourned without the court setting aside the judgment. This judgment, therefore, became

final, and the court had no power to set the same aside at the succeeding term.

The order of the court continuing the cause after the motion for a new trial was filed did not have the effect to set aside the judgment. Under the statute, when the appellee filed his motion for a new trial, the court might have postponed entering the judgment until another term of the court, and continued the hearing on the motion, and that would have operated as a continuance of the cause. In that case the appellee might have had his motion for a new trial passed on at the subsequent term, but this was not done, and therefore the appellee lost the benefit of his motion for a new trial when the term of the court at which his trial was had and judgment entered was adjourned until court in course.

Where judgment is entered and becomes final by adjournment of the term of court during which the verdict was rendered, it can not be opened up and a new trial granted at any subsequent term. See *Ayers* v. *Anderson-Tully Co.*, 89 Ark. 160.

It follows that the court erred in entering a judgment setting aside the verdict and discharging the defendant, and exonerating the bondsmen, and entering a judgment for costs against the appellant. The judgment is therefore reversed and remanded, with directions to dismiss the application for a new trial.