THOMAS *v*. STATE.

Opinion delivered November 11, 1918.

1. CRIMINAL LAW—NEW TRIAL—TIME FOR APPLICATION.—Under Kirby's Digest, § 2421, relating to new trials in criminal cases, providing that the application for a new trial must be made at the same term at which the verdict was rendered unless the judgment is postponed to another term, *held* that an application for new trial for newly discovered evidence can not be made at a term subsequent to that at which the verdict was rendered and the judgment entered.

2. NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—Kirby's Digest, § § 4431 and 6220, providing for a new trial in civil cases after the term has expired on the ground of newly discovered evidence, have no application to criminal cases.

Appeal from Pike Circuit Court; *J. S. Lake,* Judge; affirmed.

*W. S. Coblentz,* for appellant.

The motion for new trial was filed in time and the court abused its discretion in overruling it. Kirby's Dig., § § 2421-2, 6218-6220; 56 Ark. 133; 102 *Id.* 373; 35 *Id.* 56; 48 *Id.* 305; 84 *Id.* 409; 69 *Id.* 545; 111 *Id.* 399; 86 *Id.* 481. A new trial should have been granted.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The motion was properly overruled. It was filed after the term adjourned. Kirby's Digest, § 2421; 113 Ark. 237; 58 *Id.* 229. Kirby's Digest, § 6220, only applies to civil cases.

2. The record was filed here too late. Kirby's Digest, § 2614. The appeal was not prayed during the term nor the record filed within sixty days. The newly discovered evidence was not sufficiently material.

HART, J. Separate indictments were returned against Tom Thomas, charging him with wife abandonment and with child abandonment. By consent the two cases were tried together, and from a judgment of conviction in each case the defendant has duly prosecuted an appeal to this court.

After the term of court at which the defendant was tried had been adjourned, the defendant filed a motion for a new trial on the ground of newly discovered evidence, and this is the only ground relied upon for a reversal of the judgment. Section 2421 of Kirby's Digest, relating to new trials in criminal cases, provides that the application for a new trial must be made at the same term at which the verdict was rendered, unless the judgment is postponed to another term, in which case it may be made at any time before judgment. Section 6220 of Kirby's Digest under the head of New Trials, in the chapter on Pleading and Practice, provides under what circumstances motions for new trials may be filed after the term in which the verdict or decision was rendered. It is claimed by counsel for the defendant that these two sections, when construed together, gave the defendant the right to file a motion for a new trial after the term had ended. The court has decided adversely to that contention. The question first came up in the case of *Howard* v. *State,* 58 Ark. 229, and the court held that sections 3909 and 5155 of Mansfield's Digest, which correspond with sections 4431 and 6220 of Kirby's Digest, provide for a new trial in civil cases after the term has expired on the ground of newly discovered evidence, but that no such provision is made with reference to criminal cases and that none was allowed at common law.

Again in the *Town of Corning* v. *Thompson,* 113 Ark. 237, the court in construing section 2421 of Kirby's Di-

gest said that this statute contemplates that the motion for a new trial shall be made at the same term of the court at which the verdict is rendered, and that it shall be acted upon at that term unless the judgment is postponed to another term. The court held that where judgment is entered and becomes final by adjournment of the term of court during which the verdict was rendered, it cannot be opened up and a new trial granted at any subsequent term.

In the present case, judgment was entered at the term at which the trial was had, and it was not set aside before the adjournment of the court. The motion for a new trial was filed after the adjournment of the court. Consequently under the authorities just cited we must affirm the judgment. It is so ordered.