BAXLEY *v.* WATSON.

Opinion delivered July 14, 1919.

1. JUDGMENTS—EXPIRATION OF TERM—CONTROL OVER, BY COURT.—A judgment of the circuit court becomes final upon the adjournment for the term, and the court has no further jurisdiction over it except by *nunc pro tunc* proceedings to make the record speak the truth, or to modify or vacate the judgment or grant a new trial upon statutory grounds.

2. JUDGMENTS—RE-ENTRY OF JUDGMENT—ABSENCE OF BILL OF EXCEPTIONS.—This court will not, on appeal, review the action of the trial court in setting aside a judgment, and entering it again, after lapse of the term, in the absence of a bill of exceptions.

3. APPEAL AND ERROR—RE-ENTRY OF JUDGMENT AFTER TERM—BURDEN OF PROOF.—Where the trial court, after lapse of the term, set aside a judgment and re-entered the same, the burden is upon the appellant to show that the court erred in re-entering the judgment.

4. APPEAL AND ERROR—ABSENCE OF BILL OF EXCEPTIONS—PRESUMPTION.—On appeal, in the absence of a bill of exceptions identifying and bringing into the record the evidence upon which the court based its findings, this court will presume that every fact necessary to sustain the finding and judgment of the court was established by the evidence.

5.  APPEAL AND ERROR—NECESSITY FOR BILL OF EXCEPTIONS.—Although
    the record shows the filing and overruling of a motion for a new
    trial, in all cases, except where the face of the record shows error,
    a bill of exceptions, as well as a motion for a new trial, is neces-
    sary.

Appeal from Saline Circuit Court; *W. H. Evans,*
Judge; affirmed.

### STATEMENT OF FACTS.

This action was begun July 3, 1917, by the appellee
against the appellant to recover the possession of a tract
of land in Saline County, Arkansas. The appellee de-
raigned title from the State through a forfeiture and
sale of the land for overdue taxes and exhibited the deed
of the Commissioner of State Lands executed the 28th
day of December, 1916, under the authority of an act
approved December 13, 1875, sections 4802 and 4803,
Kirby's Digest.

Appellant filed a general demurrer to the complaint,
and also answered not waiving his demurrer. In his
answer appellant alleged that the taxes had been paid
for the year in which the forfeiture was claimed and
every year since, and that the State was thereby
estopped; that appellant had paid the taxes for the
year 1881 and all the years including the year 1916, and
had made improvements of the value of more than $300
for which no tender had been made to appellant; that at
the time of the sale of the lands, the approval of the
sale and the confirmation thereof the law under which
the overdue tax proceedings was instituted had been
repealed. Appellant also pleaded the action had not
been brought within seven years after it accrued.

The appellee filed a general demurrer to the answer.
The answer and demurrer were filed September 3, 1917.
On June 3, 1918, the same being an adjourned day of
the March, 1918, term of the Saline Circuit Court, the
cause was submitted to the court for trial and was heard
upon the pleadings and the exhibits which were intro-
duced as evidence and the record of the tax receipts and
the record of the overdue tax proceedings under which

appellee claimed. The court rendered judgment in favor of the appellee. No exceptions were taken to the ruling of the court. No motion for new trial was filed. The record immediately following the judgment entry, recites:

"Whereupon the defendant asked and was granted an appeal to the Supreme Court of the State of Arkansas, and was given ninety days from and after this date to prepare and file his bill of exceptions herein."

On Friday, October 8, 1918, an adjourned day of the October term of the Saline Circuit Court as the record recites, "the court set aside the order and judgment entered in this cause on June 3, 1918, for the purpose of re-entering said order on this date." Then follows the order setting aside the "judgment entered in this cause June 3, 1918," and this further recital, "Friday, October 8, 1918, an adjourned day of the regular October term of the Saline Circuit Court, among other things, the following proceedings were had, towit: Here the record sets out what purports to be "motion for new trial" in the case of *J. A. Watson* v. *J. A. Baxley,* containing various grounds. The record does not show when the purported motion for new trial was filed, if filed at all, nor does the record disclose that the trial court ruled upon the motion. There is no recital in the entry setting aside the judgment of June 3, 1918, showing that the appellee had notice of the proceedings to set aside, and there is no showing *aliunde* to that effect.

The next recital of the record is the judgment of the trial court re-entering the judgment in favor of the appellee from which is this appeal.

*D. M. Cloud,* for appellant.

1. Defendant's tax receipts show conclusively that all taxes have been paid by Jonathan and W. A. Adams, defendant's predecessor in title, and by defendant for each and every year from 1881 to 1917, inclusive, except for 1909 and 1910.

The petition and decree introduced in evidence by defendant nowhere shows for what year or years defendant's land was charged with taxes, nor ʰthe ˙amount thereof. Before defendant's land can be legally sold for non-payment of taxes, the record under which the sale was made must show for what year or years defendant's land was charged with delinquent taxes and the amount thereof for each year, including penalty, if any. Black on Tax Titles, p. 60, § 60.

Where land was forfeited to the State for taxes and the clerk and assessor later caused it to be placed on the tax books and taxes were levied and collected every year for 36 years, it will be presumed that the land had been redeemed under the overdue tax act, Acts 1881, pp. 69, 70, par. 11, 13.

2. In ejectment plaintiff must recover upon the strength of his own title. Where the State levied and collected taxes for 36 years after land had been forfeited for overdue taxes, the presumption of redemption under the overdue tax act, 1881, par. 11-12, is of a higher nature than the conflicting presumption arising from a deed by a State Land Commissioner under Kirby's Digest, § § 4802-3.

The presumption is that public officials do as law and their duty require them.

In ejectment where plaintiff (appellee) and defendant both base their claim upon presumptions of equal dignity the defendant must prevail, the burden being on plaintiff to show real title and a better right to possession. 135 Ark. 353. Appellant's deed was of record and was notice to appellee at the time of his purchase from the State Land Commissioner. 86 Ark. 86; 69 *Id.* 442.

135 Ark. 353 is decisive of this case.

The burden was on plaintiff (appellee) to show real title in himself, and as his State land deed is only *prima facie* evidence of title and defendant's deed, coupled with possession and payment of taxes for 36 years by himself and grantors, is of greater weight as evidence of title, and plaintiff's case should be held for naught.

*J. S. Utley,* for appellee.

1. No exceptions were saved by appellant to the action of the trial court in awarding judgment in favor of appellee on June 3, 1918.

2. No motion for new trial was ever made following the judgment of June 3, 1918, in favor of appellee.

3. No bill of exceptions was ever filed relative to the judgment for appellee, June 3, 1918.

4. The court was without jurisdiction to set aside the judgment of June 3, 1918, because the March term had expired, and the court had lost jurisdiction to set aside the judgment and re-enter same.

5. No exceptions were saved by appellant to the action of the court in rendering the judgment appealed from; no ruling was ever made on his motion for a new trial and no bill of exceptions was ever filed herein.

6. The appeal was taken after the time allowed by law.

7. The objections raised by appellant and the arguments made in his brief have all been adjudicated by this court against his contentions.

8. Some of the questions relied on by appellant were not only not raised by the evidence in the trial court but were not raised by the pleadings.

(1) See 203 S. W. 590. (2) 6 Ark. 141; 7 *Id.* 524; 25 *Id.* 562; 22 *Id.* 546, 517; 13 *Id.* 344; 53 *Id.* 204; 46 *Id.* 17; 95 *Id.* 565; 129 *Id.* 86; 122 *Id.* 148; 125 S. W. 423. (3) A bill of exceptions showing that it contained all the evidence is necessary. 133 Ark. 105; 96 *Id.* 379; 109 *Id.* 543; 59 *Id.* 178; 122 *Id.* 148. (4) The court had no jurisdiction, as the March term had expired. Kirby's Digest, § 1302. Unless by *nunc pro tunc* to make the record speak the truth, or for fraud. Kirby's Digest, § § 4431, 6620. For the authority of courts over judgments after the expiration of the term at which rendered. See 133 Ark. 97 for fraud practiced; 135 *Id.* 445 for casualty or misfortune; 93 *Id.* 103 against persons of unsound mind; also 14 Ark. 203; 25 *Id.* 212; 33 *Id.* 105; 46 *Id.* 552; 53 *Id.* 454; 48 *Id.* 331; 36 *Id.* 513; 52 *Id.* 316; 58 *Id.* 484;

89 *Id.* 160; 97 *Id.* 314; 113 *Id.* 237; 53 *Id.* 21; 86 *Id.* 504, etc. Here none of the reasons set out in our statute warranted the court in exercising authority over the judgment; even if any of the grounds had existed, the procedure prescribed by section 4626 *et seq.* was not followed.

If the trial court had no authority over his judgment rendered at a previous term, his act was void in setting aside the June judgment "for the purpose of re-entering said order on this date," October 8, 1918, and this appeal is too late, not having been filed within six months after June 3, 1918. It was also void because it was done without notice to appellee. Kirby's Digest, § 4424.

9. If any motion for new trial was ever filed, it was after the court had set aside the judgment of June 3, 1918, and before re-entry on October 8, 1918. If filed after re-entry of judgment, it did not embody any exceptions to the judgment or any other action of the court, because none were saved. The bringing of exceptions for the first time by way of motion for a new trial does not entitle one to consideration and he will not get it. 135 Ark. 499; 131 *Id.* 121; 132 *Id.* 97.

10. There was no ruling of the court on any motion for a new trial, and such a ruling must be excepted to. 18 Ark. 355; 19 *Id.* 683; 24 *Id.* 628.

11. Appellant in his brief raises only three questions: (1) That the record of proceedings in the overdue tax sale fails to show for what years taxes were due; (2) that the record fails to show the amount of taxes for which the lands were sold, and (3) that the payment of taxes raises the presumption that the lands had been redeemed.

12. But this court has often decided in overdue tax suits that all questions as to the regularity of the assessment, the amount of taxes assessed and the payment of same are concluded by the decree and is not open to collateral attack. Appellant failed to introduce in evidence the final decree and failed to show anything to overcome the presumption of the validity of the sale which is raised

by the deed of appellee. In order to overcome the presumption it is incumbent on him to show that the sale was never confirmed, which was not done. 63 Ark. 1; 49 Id. 336. See also 87 Ark. 184; 92 Id. 87, as to regularity of assessment and payment of taxes.

For effect of appellee's deed as making out a *prima facie* case of title. 87 Ark. 184; 92 Id. 87.

The statute of limitations does not run against the State. 95 Ark. 70.

Questions not raised below will not be reviewed on appeal. 77 Ark. 27; 74 Id. 557; Ib. 407; 72 Id. 539; 94 Id. 390; 91 Id. 443, and many others to the same effect.

Furthermore the fact that the deed was issued by the State Land Commissioner shows that the taxes, penalty and costs for which these lands were sold at the over-due tax sale remained on the books at the State Land Office as unpaid.

The State is not estopped from claiming title to its own property by the unauthorized acts of its officers. If these lands were put back on the tax books by the officers of Saline County immediately after the overdue tax sale, their action was unauthorized. 39 Ark. 580; 93 Id. 495.

In the absence of the testimony which appellant says he showed from the tax books and competent evidence of tax payments, this court is not in position to say that the trial court did not act upon sufficient evidence. Even if the tax receipts had been properly authenticated, they are not competent as testimony so long as it is not in evidence that the record of tax receipts provided for by Kirby's Digest, § 7068, is unavailable. 12 Enc. of Evidence, 363-4. Nor is it in proof that these lands were assessed for taxation during the years appellant says he paid on them. If he paid voluntarily on unassessed lands, it is his own loss, and he will not be heard to say that the State is estopped from claiming her own lands. 12 Enc. Ev. 363-4.

This case, having been tried before a court sitting as a jury, should be determined by the same rules as if ren-

dered in circuit court by a jury. Kirby's Digest, § § 6214 and 6218; 135 Ark. 445. A finding on conflicting evidence will not be disturbed on appeal. 129 Ark. 218; 130 *Id.* 551; 133 *Id.* 523; 134 *Id.* 307. Where there is legally sufficient evidence to sustain the court's finding, it will not be disturbed even though the finding appears to be contrary to the preponderance of the evidence, if there is any substantial evidence to support it. 134 Ark. 231; 130 *Id.* 59; 129 *Id.* 520; 134 *Id.* 292.

WOOD, J., (after stating the facts). (1-2) There is no error in the ruling of the court. The judgment of June 3, 1918, became final upon the adjournment for that term, and the court had no further control or jurisdiction over it except by *nunc pro tunc* proceedings to make the record speak the truth, or to modify or vacate the judgment or grant a new trial upon statutory grounds. Sections 4431 and 6220, Kirby's Digest. The court exercising its jurisdiction to modify and vacate judgments erroneously set aside the judgment of June 3, 1918. But the court re-entered this judgment, and from this judgment of re-entry is this appeal. There is no bill of exceptions, and therefore no showing by the appellant that the court erred in re-entering the judgment of June 3, 1918, which it had previously set aside.

(3) The burden was upon appellant to show that the court erred in re-entering the judgment of June 3, 1918. See *Incorporated Town of Corning* v. *Thompson*, 113 Ark. 237, and other cases cited in appellee's brief.

(4) Moreover, even if this could be treated as an appeal from a trial had and judgment entered on the issues joined for the first time October 8, 1918, still that judgment could not be reversed for several reasons. No errors appears on the face of the judgment. In the absence of a bill of exceptions identifying and bringing into this record the evidence upon which the court based its findings, we must presume that every fact necessary to sustain the finding and judgment of the court was

established by the evidence. *Knights of Pythias* v. *Bond*, 109 Ark. 543.

(5) Even if the record showed that the motion for new trial was filed, passed upon, and overruled (which it does not) still, in all cases except where the face of the record shows error a bill of exceptions as well as a motion for new trial is necessary. The latter does not take the place of the former. *DeQueen & Eastern Rd. Co.* v. *Pigue*, 135 Ark. 499, and cases cited.

The judgment is, therefore, affirmed.