BRAUN v. STATE.

Opinion delivered May 3, 1920.

1. PROSTITUTION—ENTICING GIRL INTO IMMORAL RESORT—INDICTMENT.—Under Acts 1909, page 936, § 1, denouncing the offense of enticing or inveigling any female under eighteen to any place for the purpose of prostitution, an indictment merely in words of the statute is not sufficient, but it should describe the place with sufficient particularity as to identify it and apprise the accused as to the particular place where he was charged with having enticed the female into.

2. INDICTMENT AND INFORMATION—STATUTORY CRIME.—While an indictment charging the commission of a statutory offense may describe it in the language of the statute, still the description must be accompanied by a statement of the particulars essential to constitute the crime charged.

Appeal from Logan Circuit Court, Southern District; *James Cochran,* Judge; reversed.

*Evans & Evans,* for appellant.

1. The court erred in not sustaining the demurrer to the indictment, as *the place* is not sufficiently described. 101 Ark. 1; 118 *Id.* 360; 114 *Id.* 310; 68 *Id.* 251; 111 *Id.* 180-214.

2. The court erred in admitting the testimony of witnesses Calvert, Wade, Gell and Ruth Wade, as to the age of Bessie Self. 1 Abbott, Trial Ev. (3 ed.), 271-75; 6 Conn. 9-13; 193 Mo. App. 619; 187 S. W. 137.

3. The court should have directed a verdict for defendant. None of the elements of the offense charged as defined by the court were made out by the proof. 101 Ark. 1; 110 *Id.* 318; 114 *Id.* 310; 118 *Id.* 360; 111 *Id.* 214. There is no proof that the alleged offense occurred in the Southern District of Logan County.

4. The court erred in giving instruction No. 1 of its own motion. Kirby & Castle's Digest, § 2123; Act 316, Acts 1909, p. 936. Instruction No. 2 is also errone-

ous and prejudicial. 77 Ark. 19; 58 *Id.* 390; 22 Enc. Pl. & Pr. 827; 36 Ark. 117; 59 *Id.* 417; 51 *Id.* 147.

5. The conduct of the State's attorney was prejudicial. Kirby's Dig., § 3088; 110 Ark. 538; *Ib.*, 251; 207 Mass. 240; 20 Ann. Cases 1269; 126 Ark. 21; 128 *Id.* 305.

*John D. Arbuckle,* Attorney General, and *J. B. Webster,* Assistant, for appellee.

Confesses error, citing 111 Ark. 186; 114 *Id.* 311; 101 *Id.* 1.

HART, J. C. F. Braun prosecutes this appeal to reverse a judgment of conviction against him for enticing a girl under eighteen years of age into a resort for immoral practices. The body of the indictment returned against him is as follows:

"The grand jury of Logan County and Southern District, in the name and by the authority of the State of Arkansas, accuse C. F. Braun of the crime of enticing, committed as follows, towit: The said C. F. Braun on the 10th day of September, A. D. 1918, in the county and district aforesaid, unlawfully and feloniously did entice and inveigle one Bessie Self, a female under the age of eighteen years, to a certain place for the purpose of prostitution, lewdness and immoral practices. Against the peace and dignity of the State of Arkansas."

It is earnestly insisted by counsel for the defendant that the court erred in not sustaining a demurrer to the indictment. It is contended that the gist of the offense is enticing a girl under eighteen years of age to a place for the purpose of prostitution or lewdness or other immoral practices. Hence it is insisted that the place must be sufficiently described in the indictment so as to apprise the accused of its location.

The Attorney General has confessed error. The indictment was returned under Act 316 of the Acts of 1909. See Acts of 1909, p. 936. Section 1 of the act reads as follows:

"That any person who shall inveigle, or entice, or attempt to inveigle or entice any female person, under

the age of eighteen years, to any place, or shall conceal or aid or abet in enticing, inveigling, or concealing any such female, so inveigled or enticed, for the purpose of prostitution, or lewdness, or other immoral practices, shall, on conviction, be imprisoned not less than two (2) years nor more than twenty (20) years in the State penitentiary.''

The purpose of the statute was to punish persons, whether male or female, who should engage in the business of inveigling or enticing girls under the age of eighteen to places of assignation or other places for the purpose of prostitution or other immoral practices. It has no application to persons who shall take away girls from their fathers or guardians to any convenient place for the sole purpose of having an act of illicit intercourse. There is another statute making that an offense. The act applies to such persons only, as entice girls to a designated place for the purpose of prostitution, or other immoral practices. Thus the act has a tendency to prevent girls from being inveigled to a disorderly or other house where they might become prostitutes or resort to other immoral practices. This view is strengthened when we consider the second section of the act which provides for the issuance of warrants to search places suspected of holding females for immoral purposes. It provides, in effect, that where there is reason to believe that any female person under the age of eighteen years has been enticed to any place for the purpose of prostitution, lewdness, or other immoral purposes, upon complaint being made in the manner provided by the act, a search warrant may be issued directing the officer to enter the place by day or by night to search for such female person and to arrest her and the person in whose keeping or company she may be found and bring them before the officer issuing the warrant to be dealt with according to the statute. Thus it will be seen that the statute has for its object the prevention of the establishment of rooms or other places for the entrance of young and inexperienced females for the purposes of prostitution or other im-

moral purposes. While it is usually sufficient to describe an offense in the language of the statute, yet it is essential that the description must be sufficiently definite with regard to the essentials of the crime charged to acquaint the accused with what he must meet upon the trial. The indictment should have described the place with such particularity as to identify it and apprise the accused of what particular place he was charged with having enticed the girl to for the purpose of prostitution or other immoral practices. In other words, a description of the house or place to which the girl was enticed was descriptive of the offense and a failure to set it out in the indictment made the indictment demurrable. This is an application of the general rule that while an indictment charging the commission of a statutory offense may describe it in the language of the statute, still the description must be accompanied by a statement of the particulars essential to constitute the crime charged. *Farrell* v. *State,* 111 Ark. 180, and *Holland* v. *State,* 111 Ark. 214.

Other assignments of error are pressed upon us for a reversal of the judgment; but inasmuch as the judgment must be reversed because the court erred in not sustaining a demurrer to the indictment, it is not necessary to consider them.

It follows that the judgment must be reversed and the cause will be remanded for further proceedings according to law.