## COLLATT *v.* STATE.

### Opinion delivered June 23, 1924.

1. CRIMINAL LAW—MOTION FOR NEW TRIAL—TIME FOR FILING.—A motion for new trial could be made at a term subsequent to that at which the verdict was rendered, which sentence was not pronounced until such subsequent term, under Crawford & Moses' Dig., § 3218.

2. CRIMINAL LAW—SENTENCE AT SUBSEQUENT TERM.—Under Crawford & Moses' Dig., § 3218, the court may sentence an accused at a term subsequent to that at which the verdict was rendered.

3. CRIMINAL LAW—TIME FOR FILING MOTION FOR NEW TRIAL.—Where sentence was not pronounced at the term at which the verdict was rendered, defendant may file his motion for new trial at a subsequent term, provided he does so before the sentence is rendered.

Appeal from Saline Circuit Court; *Thomas E. Toler,* Judge; affirmed.

*J. W. Westbrook,* for appellant.

*J. S. Utley,* Attorney General, and *John L. Carter,* Assistant, for appellee.

SMITH, J. Appellant was convicted at the September term, 1923, of the Saline Circuit Court. For some reason, which does not appear from the transcript which appellant has lodged with this court, he was not sentenced until the March, 1924, term of the court. At the March term he filed a motion praying his discharge from custody. In this motion he alleged that on Thursday, September 19, 1923, at the September term of the court, he had been convicted of grand larceny upon his plea of not

guilty, but sentence was not imposed at that term, and that he had not been sentenced, wherefore he prayed his discharge. The court overruled this motion, and sentenced the appellant to a term of imprisonment in the State Penitentiary. Thereafter appellant filed a motion for 'a new trial, which the court overruled, in which various errors were assigned, and, among others, that the court had erred in overruling his motion that he be discharged because the court had not sentenced him at the term of the court at which he had been convicted.

The action of the court in overruling the motion for a new trial is defended upon the grounds, (1) that it should have been filed at the term at which the conviction was had, and (2) that it should have been filed in any event before sentence was pronounced.

In support of the first proposition the cases of *Thomas* v. *State*, 136 Ark. 290, and *Corning* v. *Thompson*, 113 Ark. 237, are cited. In those cases it was held that an application for a new trial could not be made at a term subsequent to that at which the verdict was rendered and the judgment entered. Those cases are not in point here, for the reason that the judgment was not rendered at the term of the court at which the verdict was returned.

Counsel for appellant is mistaken in assuming that the court was without power to sentence appellant at the March term of the court. By §. 3218, C. & M. Digest, it is provided that "the application for a new trial must be made at the same term at which the verdict is rendered, unless the judgment is postponed to another term, in which case it may be made at any time before judgment."

It will be observed that this section of the statute does not define the conditions or reasons for which the sentence may be postponed, but it does provide that the application for a new trial must be made at the same term at which the verdict is rendered, unless sentence is post-

poned to another term, in which case the application for a new trial may be made at any time before judgment.

In other words, if, for any reason—through inadvertence or otherwise—the court fails to sentence a defendant at the term at which he was convicted, he does not go acquitted on that account, but he may be sentenced at the ensuing term. If the sentence is postponed beyond the term at which the conviction was had, the defendant does not lose his right to file a motion for a new trial, and this he may do at the ensuing term, provided he makes the application before judgment.

Here the defendant not only delayed the filing of his motion for a new trial beyond the term at which he was convicted, but he did not file the motion until after he had been sentenced, and, as this is beyond the time allowed by law for that purpose, the errors assigned therein which related to the sufficiency and competency of the evidence to support the verdict are not presented for review.

The indictment sufficiently charges the offense of which defendant was convicted, and, as no error appears upon the face of the record, the judgment must be affirmed, and it is so ordered.