STATE *v.* NEIL.

Crim. 3872

Opinion delivered May 28, 1934.

▮

*Hal L. Norwood,* Attorney General, and *John W. Nance,* for appellant.

*Blansett & Holyfield* and *Duty & Duty,* for appellee.

SMITH, J. Appellee was placed on trial, under an indictment charging him with the commission of the crime of grand larceny, alleged to have been committed by

stealing an electric lighting plant, the property of the National Old Line Life Insurance Company. The theory upon which the insurance company claimed title to the articles alleged to have been stolen was that they were a part of the realty, the title to which had been secured through purchase under a decree foreclosing a mortgage upon which land the light plant was located. The mortgage described only the real estate, and contained no reference to the light plant.

At the conclusion of the testimony, the jury returned a verdict of not guilty under the direction of the court, and it is said that the reasons inducing this action were: (1) that the property alleged to have been stolen was not annexed to the realty in such a way as to become a part of it and subject to the lien held by the mortgagee, and (2) that, if said property was so annexed to the realty as to become a part of it, it was not the subject of larceny. It is apparent that the decision of these questions would involve a consideration of questions of fact. The decision of these interesting questions is foreclosed because they are not properly presented for our review.

A motion for a new trial was filed on the ground "That the court erred in its judgment in directing the jury to return a verdict in favor of the defendant." It appears, however, that this motion was not pressed to a ruling thereon, and that the court adjourned without disposing of the motion.

A motion for a new trial is essential to the review of an alleged error which does not appear upon the face of the record, and is essential in this case to a review of the action of the court in directing the jury to return a verdict of not guilty. The purpose of a motion for a new trial is to call the alleged errors occurring during the trial to the attention of the court, and to afford an opportunity for correction by granting a new trial if the errors may not otherwise be corrected. *Nordin* v. *State,* 143 Ark. 364, 220 S. W. 473.

In the case of *Incorporated Town of Corning* v. *Thompson,* 113 Ark. 237, 168 S. W. 128, a judgment was entered imposing a fine upon the defendant pursuant to

the verdict of the jury returned in that case. A motion for a new trial was filed, but the court adjourned without disposing of the motion, and, at the succeeding term of the court, the motion was sustained, upon the ground that there was not sufficient evidence to support it, and the judgment was set aside and the defendant discharged. An appeal was duly prosecuted and that judgment was reversed. Section 2421, Kirby's Digest, which now appears as § 3218, Crawford & Moses' Digest, was quoted. That section reads as follows: "The application for a new trial must be made at the same time (term) at which the verdict is rendered unless the judgment is postponed to another term, in which case it may be made any time before judgment." It was there said that this statute contemplates that the motion for a new trial should be made at the same term of the court at which the verdict was rendered, and should be acted upon at that term unless the rendition of the judgment is postponed to another term. It was further said that, inasmuch as the judgment was entered at the term of court at which the trial was had, and the term of court had adjourned without setting the judgment aside, the judgment became final, as the order of the court continuing the cause after the motion for a new trial was filed did not have the effect of setting aside the judgment. Further construing this statute, it was there said that, when the motion for a new trial was filed, the court might have postponed entry of the judgment until the next term of the court, and have continued hearing of the motion, which action would have operated as a continuance of the cause, in which event the motion could have been passed on at the subsequent term, but as this was not done, the defendant lost the benefit of his motion when the term of the court, at which the trial was had and the judgment entered, was adjourned until court in course. See also *Thomas* v. *State,* 136 Ark. 290, 206 S. W. 435; *Collatt* v. *State,* 165 Ark. 136, 262 S. W. 990; *American Ins. Co.* v. *Dutton,* 183 Ark. 595, 37 S. W. (2d) 875.

The motion for a new trial in this cause was not acted upon, nor was the judgment set aside at the term

at which it was rendered. It therefore became final with the adjournment of the term; and as no error appears upon the face of the record, the judgment must be affirmed, and it is so ordered.