HIX v. STATE.

Criminal 3887

Opinion delivered September 24, 1934.

Roy Hix and Otis Crosser were convicted of murder in the second degree, and have appealed.

*W. M. Thompson, I. J. Matheney* and *J. Paul Ward,* for appellant.

*Hal L. Norwood,* Attorney General, and *John H. Caldwell,* Assistant, for appellee.

SMITH, J. Appellants were jointly indicted, along with Essie Fulbright, for the murder of W. P. Ford, which crime was alleged to have been committed by striking Ford with a rock and thus killing him.

There was a severance by Essie Fulbright, and upon her trial she was convicted of murder in the second degree, and has duly appealed. Appellants were also convicted and given each a sentence of ten years for murder in the second degree.

It was the theory of the prosecution that these parties had robbed Ford, and that the homicide was committed either in the commission of that crime or as the result of a fight after the robbery resulting from Ford's attempt to recover the money stolen from him.

The appeal of Essie Fulbright has been disposed of in an opinion handed down this day by the Chief Justice, which reviews the testimony in that case. The testimony heard at the trial of appellants was not substantially different from that offered in the case of Essie Fulbright, and it will not, therefore, be repeated. Certain other questions which were raised at each of the trials are also disposed of by the opinion in the Fulbright case.

It is very earnestly insisted, for the reversal of the judgment from which this appeal comes, that the testimony does not support the verdict. The insistence is that appellants should have been convicted either of murder in the first degree or of voluntary manslaughter or should have been acquitted.

It is argued that, if Ford was killed in an attempt to rob him, the crime of murder in the first degree was committed, whereas if he was killed in a subsequent fight which Ford brought on in an attempt to recover the money which he claimed had been stolen from him, the homicide would have been only voluntary manslaughter, and that in no event were appellants guilty of murder in the second degree, the crime for which they were convicted and sentenced. It is insisted, therefore, that it was error for the court to give an instruction numbered 12, which defined the crime of murder in the second degree. It is not argued that this instruction erroneously defined that crime, but the insistence is that it was error to submit the question of appellants' guilt of that crime to the jury.

For the reason already stated, the testimony will not be reviewed in this case; but it may be said that the testimony in the instant case is as conflicting as was the testimony in the Fulbright case. According to the testimony offered on appellants' behalf, they did not kill Ford or participate in his murder, and they should therefore have been acquitted. Will Parish was one of the principal witnesses for the State, and he admitted having made, prior to the trial, statements conflicting with his testimony at the trial. He testified that he was a partisan of Ford's during the fight, and that after the fatal blow had been struck Ford's assailants debated what they would do with him. He testified that he was placed on the floor of the car between the seats and that "They were on top of me between the seats, like I was hog tied," and he was carried for some miles from the scene of the encounter, where he was dumped out of the car with the warning that if he told what had happened he would be killed.

There were conflicts in the testimony which it was the peculiar province of the jury to consider and to reconcile if they could be, and, as there was testimony legally sufficient to have supported a conviction of the highest degree of homicide, there was no error prejudicial to appellants in charging upon the lower degrees of that crime. *Arnold* v. *State*, 179 Ark. 1066, 20 S. W. (2d) 189, and cases there cited. A general charge upon the law of homicide and the distinctions between the degrees thereof was given, and no insistence is made that the law was not correctly declared in the instructions.

Subsequent to the adjournment of the term at which the trial was had and the sentence pronounced, a motion for a new trial was filed on the ground of newly-discovered evidence. On this motion appears the notation of the trial judge that it was overruled as having been filed out of time, and for the additional reason that it alleged no facts entitling appellants to that relief. We concur in this ruling for both reasons assigned by the trial court. *Incorporated Town of Corning* v. *Thompson*, 113 Ark. 237, 168 S. W. 128; *Thomas* v. *State*, 136 Ark. 290, 206 S. W. 435; *Collatt* v. *State*, 165 Ark. 136, 262 S. W. 990. The testimony set out in this motion is either cumulative of other testimony heard at the trial (*Dillard* v. *State*, 174 Ark. 1179, 298 S. W. 27) or tending to impeach such testimony (*Hayes* v. *State*, 169 Ark. 883, 277 S. W. 36).

No error appearing, the judgment must be affirmed, and it is so ordered.