ROGERS *v.* ROGERS.

4-6595                                                             158 S. W. 2d 678

Opinion delivered February 2, 1942.

*Claude B. Brinton,* for appellant.
*Ivie C. Spencer,* for appellee.

McHANEY, J.    Appellee brought this suit for divorce against appellant on March 15, 1941, the ground alleged being personal indignities.    Appellant executed a written entry of appearance in said action under oath, before a notary public, under date of March 14, 1941, as follows: "Comes Stella Rogers  . . .  and enters her appearance in this court, wherein the plaintiff is filing a petition for divorce and also agrees that he may take evidence and present same to the court at his convenience and that of the court.  I also request Bon McCourtney to sign this entry of appearance."    Said McCourtney did sign same at her request.  This instrument was filed March 15, and on the same day the court granted appellee a decree of divorce from appellant.    Incorporated in this decree is the written separation agreement and property settlement of the parties dated March 14, 1941.

Thereafter, on August 4, 1941, appellant filed in said cause a motion to set aside said decree on the ground that her entry of appearance and the property settlement had been procured through fraud practiced upon her in certain respects therein stated; that appellee did not have a cause of action for a divorce, except "such a cause which had been condoned over a period of years"; that she was not guilty of personal indignities toward him; and that she had a good and valid defense to the action.    Appellee filed a general denial to this motion, and, on August 21, 1941, the matter was submitted to the court "upon the complaint of plaintiff, the entry of appearance thereon, the decree of March 15, 1941, . . .  the motion of the defendant to set aside the decree, the answer of plaintiff to said motion and the evidence of Stella Rogers, Henry Sims, and Homer Bradley for defendant, and L. E. Rogers for the plaintiff," from which the court found that the decree of March 15 should be set aside and "that the plaintiff should be granted a divorce herein as of this day for the reason that defendant has treated this plaintiff with rudeness, contempt, quarreling and assaulting him on and after the rendering of the former decree, which taken together with those matters alleged in the former complaint is a cause of divorce herein."    Also that a property settle-

ment was made by them on June 19, 1941, which is fair and equitable and should not be disturbed. A decree was entered accordingly, from which is this appeal.

Three grounds are urged for a reversal of this decree: 1. that the court took into consideration evidence offered at the former trial at which she was not present; 2. that "it weighed the evidence to determine the preponderance"; and 3. it was not within the scope of the pleadings.

1. Appellant is in error on this ground, as the decree recites upon what it is based, to-wit: the complaint, the entry of appearance, the former decree, the motion to set aside said decree, the answer to the motion, and the evidence of appellant, appellee, Sims and Bradley. There is nothing in the decree to show that the evidence heard on the former decree was considered and the recitation of the matters upon which it was heard excludes all others. The testimony of these witnesses is not brought into the record by bill of exceptions or otherwise, so we must indulge the conclusive presumption that it was sufficient to support the decree. In *Baxley* v. *Watson,* 139 Ark. 408, 214 S. W. 67, the trial court entered a judgment for appellee Watson on June 3, 1918. On October 8, 1918, the court set the judgment aside and re-entered it, from which Baxley appealed without a bill of exceptions. In affirming the action of the court, although it was erroneous to set aside the judgment of June 3, 1918, after the lapse of the term, we said: "No errors appear on the face of the judgment. In the absence of a bill of exceptions identifying and bringing into this record the evidence upon which the court based its findings, we must presume that every fact necessary to sustain the finding and judgment of the court was established by the evidence."

This was not a mere trial of the motion to set aside the former decree, but was a re-trial of the whole case, the court no doubt treating the motion as an answer as it constituted a denial that appellee had a ground of divorce and specifically denied the grounds of divorce alleged. If it were a mere trial of the motion to set

aside, there would be no occasion to submit the cause on the complaint. This fact is further shown by the recital in the decree, above quoted, that a cause of divorce had been established for mistreatment of appellee by appellant "on and after the rendering of the former decree, which taken together with those matters alleged in the former complaint is a cause of divorce herein." This conclusively shows that the court heard evidence of appellant's conduct toward appellee since the former decree, and this also establishes the fact that the court was trying the whole case anew, and not merely the motion to set aside the former decree.

What we have said under point 1 answers the argument made as to points 2 and 3.

The decree will be affirmed and appellant's motion for costs and an additional attorney's fee will be denied.