HORNE v. STATE.

4690                                    251 S. W. 2d 489

Opinion delivered October 6, 1952.

*Ike Murry,* Attorney General and *Dowell Anders,* Assistant Attorney General, for appellee.

GEORGE ROSE SMITH, J. The appellant was charged by information with having enticed a female under the age of eighteen to a place for lewd or immoral purposes. Ark. Stats. 1947, § 41-3217. At the trial, during the November, 1950, term of court, the jury found the accused guilty and fixed his punishment at imprisonment for three years. Extensions of time for the filing of a motion for a new trial were granted, and it happened that it was not until the November, 1951, term of court that a formal judgment was entered upon the verdict. It is now insisted that after the lapse of the term in which the verdict was rendered the court was without power to enter a judgment sentencing the accused. We have held, however, that the power exists. *Collatt* v. *State,* 165 Ark. 136, 262 S. W. 990.

On the merits more serious questions are presented. The proof is that the accused was engaged in building a house in Ouachita County. In May of 1950 the twelve-year-old prosecutrix and two other children were invited by the accused to come in and see the house. While the other children were upstairs the accused kissed the prosecutrix and fondled her body in an indecent manner. This is the conduct upon which the information and conviction are based.

It has been decided that the statute in question, known as the Pandering Act, is intended to punish persons who engage in the business of enticing young girls to places of assignation for the purpose of prostitution. *Braun* v. *State,* 143 Ark. 593, 219 S. W. 750. We there said that the statute has no application to a person who takes a girl to a convenient place for the sole purpose of having an act of illicit intercourse. ''The statute has for its purpose the prevention of the establishment of rooms or other places for the entrance of young and inexperi-

enced females for the purposes of prostitution or other immoral purposes."

Tested by the rule of the *Braun* case the appellant's conduct did not constitute a violation of the statute under which he was tried. A further question is whether this issue is properly before this court. The point might have been raised below by a request for a bill of particulars, Ark. Stats., § 43-1006, but no such request was made. Indeed, the contention now urged was not brought to the attention of the trial court in any manner unless it was sufficiently preserved by that assignment in the motion for a new trial which asserts that the verdict is contrary to the evidence.

In our opinion this assignment in the motion is sufficient to present the issue to the trial court and to us. This is not a case in which the information lacks some material allegation that is later supplied by the proof; in that situation the failure to request a bill of particulars is a waiver of the defect. *Craig* v. *State,* 195 Ark. 925, 114 S. W. 2d 1073. In the case at bar the information in rather general terms charged an offense under the statute, but the proof fails to show that the statute was violated. Thus the verdict is without evidence to support it, and that is the exact point raised by this particular assignment in the motion for a new trial. *Naylor* v. *Mc-Nair,* 92 Ark. 345, 122 S. W. 662; *Northcross* v. *Miller,* 184 Ark. 463, 43 S. W. 2d 734.

The judgment must be reversed and the cause remanded for such further proceedings as the State may elect.