JACKSON *v.* STATE.

4714

252 S. W. 2d 73

Opinion delivered November 3, 1952.

128

*Love & Love,* for appellant.

*Ike Murry,* Attorney General and *Wm. M. Moorhead,* Assistant Attorney General, for appellee.

HOLT, J. By information, appellant, John Barney Jackson, was charged with the crime "of enticing a female for immoral practices committed as follows, to-wit: The said defendant on the 17th day of December, 1951, in Union County, Arkansas, did unlawfully, inveigle and entice and attempt to inveigle and entice Beverly Jane Tucker, a female aged eight years, to a place in the woods in the rear of the Yocum School House in El Dorado, Arkansas, for immoral practices, in violation of § 41-3217, Ark. Stats., against the peace and dignity of the State of Arkansas."

A jury found him guilty and assessed his punishment at a term of four years in the Penitentiary. From the judgment is this appeal.

The conclusions we have reached make it necessary for us to consider only appellant's contention that the verdict was contrary to the law and the evidence and that the facts alleged in the information did not constitute an offense under the statute upon which the charge was based. This contention must be sustained.

The testimony showed that appellant, after offering a little eight year old girl money, took her by the hand, led her into the woods, and got down on his knees and seized the hem of her coat, at which time she jerked away from him and escaped. There was other evidence of a corroborative nature.

The present case is controlled by *Braun v. State,* 143 Ark. 593, 219 S. W. 750, and the very recent case of *Horne v. State,* 220 Ark. 912, 251 S. W. 2d 489. In the Braun case, this court said: "The purpose of the statute was to pun-

ish persons, whether male or female, who should engage in the business of inveigling or enticing girls under the age of eighteen to places of assignation or other places for the purpose of prostitution or other immoral practices. It has no application to persons who shall take away girls from their fathers or guardians to any convenient place for the sole purpose of having an act of illicit intercourse. There is another statute making that an offense. The act applies to such persons only, as entice girls to a designated place for the purpose of prostitution, or other immoral practices. Thus the act has a tendency to prevent girls from being inveigled to a disorderly or other house where they might become prostitutes or resort to other immoral practices. . . . Thus it will be seen that the statute has for its object the prevention of the establishment of rooms or other places for the entrance of young and inexperienced females for the purposes of prostitution or other immoral purposes.''

In the Horne case, on a similar charge based on § 41-3217 above, and facts similar in effect to those presented here, we reaffirmed the Braun case and said: ''It has been decided that the statute in question, known as the Pandering Act, is intended to punish persons who engage in the business of enticing young girls to places of assignation for the purpose of prostitution. *Braun* v. *State,* 143 Ark. 593, 219 S. W. 750. We there said that the statute has no application to a person who takes a girl to a convenient place for the sole purpose of having an act of illicit intercourse. 'The statute has for its purpose the prevention of the establishment of rooms or other places for the entrance of young and inexperienced females for the purposes of prostitution or other immoral purposes.' . . . In the case at bar the information in rather general terms charged an offense under the statute, but the proof fails to show that the statute was violated.''

Tested by the rule announced in the above authorities, the judgment must be, and is reversed, and the cause remanded for such other proceedings as the State may elect.