MAPLES *v.* STATE.

4844                              290 S. W. 2d 627

Opinion delivered May 28, 1956.

*Fred Newth* and *Kenneth Coffelt,* for appellant.

*Tom Gentry,* Attorney General; *Thorp Thomas,* Asst. Atty. General, for appellee.

SAM ROBINSON, Associate Justice. Appellant was convicted in the Pulaski Circuit Court of the crime of manslaughter, and, on July 18, 1955, during the March term of the Circuit Court, he was sentenced to three years in the penitentiary. The judgment was affirmed by this court January 9, 1956. *Maples* v. *State,* 225 Ark. 785, 286 S. W. 2d 15. Subsequently, on February 7, 1956, during the September 1955 term of Circuit Court, Maples filed what is designated as a motion to vacate the judgment. The motion alleges that a witness is now available who will testify that she saw the killing, and that Maples acted in self-defense. The motion further alleges that this witness was incompetent at the time of the first trial, and, therefore, was unable to testify. The trial court denied the motion, and Maples has appealed.

Prior to the trial in July 1955, Maples had filed a motion asking for a continuance on the ground that the witness referred to was not available at that time, but could be called as a witness later if a continuance were granted. The court denied the continuance, and, on appeal, there was no contention that the court erred in doing so.

Appellant now seeks a new trial, relying on authority of Ark. Stats. § 29-506, which provides: "The court

in which a judgment or a final order has been rendered or made, shall have power, after the expiration of the term, to vacate or modify such judgment or order, ............................................................Seventh: For unavoidable casualty or misfortune preventing the party from appearing or defending." This statute has no application to criminal cases. *Thomas* v. *State,* 136 Ark. 290, 206 S. W. 435; *Smith* v. *State,* 200 Ark. 767, 140 S. W. 2d 675.

Appellant also says his constitutional rights were violated; however, the point is not argued, and no authority is cited.

Affirmed.