LARRY HIGGINBOTHAM v. STATE OF ARKANSAS

5661                                    475 S.W. 2d 522

Opinion delivered January 24, 1972

*Proctor & Proctor,* for petitioner.

*Ray Thornton,* Attorney General; *John D. Bridg-forth,* Asst. Atty. Gen., for respondent.

J. FRED JONES, Justice. Larry Higginbotham was sentenced to six months in the penitentiary upon his conviction in the Cross County Circuit Court for the crime of night riding. His request for a hearing on a motion for a new trial was denied by the trial court and his request for an appeal was also denied.

The record is before us on certiorari and the facts appear as follows: The petitioner was convicted by jury verdict in the Cross County Circuit Court and judgment was entered thereon on February 10, 1971. On March 9, 1971, through counsel who represented him at trial, he filed a motion for a new trial in which he assigned thirteen errors and reasons why a new trial should be granted. In the alternative, he prayed an appeal to this court. No further action was taken in the matter until on September 15, 1971, through new attorneys, he filed a request in the Cross County Circuit Court for a hearing on his motion for a new trial and for the relief prayed in his original motion. The trial court entered an order filed on September 22, 1971, finding that the motion for a new trial was timely filed but was considered by the court as having been abandoned. The trial court found that the time for appeal had expired and the request for hearing on the motion was denied. The petitioner argues three points for reversal as follows:

"That the holding of the trial court that the motion for a new trial had been abandoned was error.

That the holding of the trial court that the time for appeal had expired was error.

That the order denying the request for a hearing was contrary to the facts and the law."

We conclude that the trial court did not· err in denying the petitioner's request for a hearing on his motion for a new trial. The petitioner was tried and the verdict rendered at the February term of the Cross County Circuit Court. The motion for a new trial was filed during the same term but the February term of court had expired and the September term had begun before the petitioner requested a hearing on his motion. (Ark. Stat. Ann. § 22-310 [Repl. 1962]). Ark. Stat. Ann. § 43-2202 (Repl. 1964) provides as follows:

"The application for a new trial must be made at the same term at which the verdict is rendered, unless the judgment is postponed to another term, in which case it may be made at any time before judgment."

We have held that unless judgment is postponed to a subsequent term of court, the trial court cannot grant a new trial at a subsequent term of court even though the motion was filed during the term in which the judgment was entered. See *Corning v. Thompson,* 113 Ark. 237, 168 S. W. 128; *State v. Neil,* 189 Ark. 324, 71 S. W. 2d 700.

The petitioner argues that he had no opportunity to request a hearing on the motion for a new trial because the February term of court had terminated before he filed the motion, and he seems to contend that his only next opportunity to ask for a hearing was at the September term of the court. This argument is not persuasive in the light of Ark. Stat. Ann. § 22-311 (Repl. 1962) which provides in part as follows:

"When any circuit court is duly convened for a regular term the same shall remain open for all criminal, civil or special proceedings until its next

regular term, and may be in session at any time the judge thereof may deem necessary. . ." See also §§ 22-312—22-313.

As to the petitioner's second point, the trial court did not err in holding that the time for appeal had expired when the petitioner filed his request for a hearing on his motion. The petitioner argues that the time for appeal should start running from the denial of a motion for a new trial and not from the date of judgment. The statute in effect when the petitioner was tried as well as our interpretation of it, does not agree with the petitioner's contention. Ark. Stat. Ann. § 43-2701 (Repl. 1964) provides as follows:

"No appeals to the Supreme Court in a criminal case shall be granted, nor writs of error issued, except within sixty (60) days after rendition of the judgment of conviction in the case except that the trial judge with his discretion may by order entered prior to the expiration of said sixty (60) days extend the time for not to exceed an additional sixty (60) days." See Garner v. State, 96 Ark. 145, 131 S. W. 338.

The judgment of the trial court is affirmed but without prejudice to any right the petitioner may have to a hearing on post-conviction relief under our Criminal Procedure Rule 1.

The judgment is affirmed.

HARRIS, C. J., and BYRD, J., dissent.

FOGLEMAN, J., not participating.