## Carolyn Dianne ZACHRY *v.* STATE of Arkansas

### 75-131

### PER CURIAM

### December 22, 1975

After denying appellant's application to file in this Court a supplemental transcript of the sentencing of Charles Watson Bean, an acknowledged accomplice that testified on behalf of the State at appellant's trial, appellant filed a petition for reconsideration or a request in the alternative for us to reinvest the trial court with jurisdiction to hear the matter. We are granting appellant's alternative request upon the condition that she promptly make application to the trial court within 30 days from the date hereof for a new trial.

FOGLEMAN, J., dissents.

JOHN A. FOGLEMAN, Justice, dissenting. I feel compelled to decline to join in what I take to be an exercise in futility. The time for filing and presenting a motion for new trial in this case has long since passed. A motion for new trial *must* be made at the same term at which the verdict is rendered, unless the judgment is postponed to another term, in which case it may be made at any time before judgment. Ark. Stat. Ann. § 43-2202 (Repl. 1964). The matter of timely filing and considering the motion is jurisdictional. *Gross* v. *State*, 242 Ark. 142, 412 S.W. 2d 279; *State* v. *Neil*, 189 Ark. 324, 71 S.W. 2d 700; *Delaney* v. *State*, 212 Ark. 622, 207 S.W. 2d 37; *State* v. *Martineau*, 149 Ark. 237, 232 S.W. 609; *Thomas* v. *State*, 136 Ark. 290, 206 S.W. 435; *Incorporated Town of Corning* v. *Thompson*, 113 Ark. 237, 168 S.W. 128. See also, Comment, *New Trial in Arkansas on Basis of Newly Discovered Evidence*, 4 Ark. Law Rev. 60.

The verdict was rendered on April 12, 1975. The judgment was entered on the same day. A new term of the Circuit Court of Little River County, in which appellant was tried, commenced on the 19th day of May, 1975. Ark. Stat. Ann. § 22-310 (Supp. 1973). The sentencing of Charles Watson Bean took place on May 23, 1975, on which date he entered a plea of guilty. There is no way the trial court can have

jurisdiction to entertain a motion for new trial at this late date.

Furthermore, it appears from the motions herein that the matter would constitute impeaching testimony only. Testimony which merely tends to impeach the credibility of a state's witness is not a ground for a new trial. *Cooper* v. *State*, 246 Ark. 368, 438 S.W. 2d 681; *Therman* v. *State*, 205 Ark. 376, 168 S.W. 2d 833; *Norrid* v. *State*, 188 Ark. 32, 63 S.W. 2d 526; *Hayes* v. *State*, 169 Ark. 883, 277 S.W. 2d 36. A case particularly appropriate here is *Foster* v. *State*, 45 Ark. 328.

Appellant's remedy, if any she has, is by post-conviction relief under Criminal Procedure Rule 1, which is presently inappropriate.