## THE STATE v. ASHLEY.

1. BIGAMY: *Divorce decree as evidence of life of divorced party.*
   In a prosecution for bigamy, a decree divorcing from the accused his former wife, rendered after the alleged bigamous marriage, and awarding to her the custody of their infant child, is *prima facie* evidence that she was living at the time of the bigamous marriage.

2 PRACTICE IN SUPREME COURT: *In erroneous judgments of acquittal.*
   A verdict and judgment of acquittal on a valid indictment, though erroneous, cannot be reversed in the Supreme Court on appeal by the State.

APPEAL from *Clark* Circuit Court.

Hon. H. B. STUART, Circuit Judge.

*C. B. Moore, Attorney-General,* for the appellant:

The record of the divorce tended to show that the first wife was living, and the wife of the defendant up to *June 30, 1880,* and it should have been admitted. *Holbrook* v. *The State,* 34 *Ark.,* 519. A certified copy of a decree alone is sufficient evidence that such a decree has been made. *Denton et al* v. *Roddy,* 34 *Ark.,* 642.

"Every reasonable presumption in favor of the rightful exercise of jurisdiction ought to be indulged," and it is reasonable to suppose that the Tennessee court had jurisdic-

tion, and that defendant had notice, etc. *Borden et al v. The State*, 11 *Ark.*, 570.

The decree having been excluded, it was useless to offer evidence of identity of parties. *Holbrook* v. *The State*, *supra*, 519–20.

ENGLISH, C. J.   Anderson Ashley was indicted for bigamy in the Circuit Court of Clark county ; tried on plea of not guilty ; there was a verdict of acquittal, and he was discharged by judgment of the court.   During the trial the court ruled out the evidence offered by the State, and the purpose of this appeal is to obtain the opinion of this court upon that ruling.

The indictment charged that Anderson Ashley, on the second of December, 1879, in Clark county, intermarried with one Phenie Meeks, having at the time a living wife, named Mary Ann Ashley.

The State proved that the accused, before he came to Clark county, lived near Winchester, in Franklin county, Tennessee, and was married to his cousin, Mary Ann Ashley, in Alabama, on the twenty-seventh of September, 1874, by whom he had a female child.

The State also proved that the accused married Phenie Meeks, in Clark county, on the second of December, 1879.

1. Divorce decree as evidence of life of divorced party.   The State, in order to prove that the first wife was living at the time of the second marriage, offered in evidence a certified copy of a decree rendered in the Chancery Court, at Winchester, Franklin county, Tennessee, thirtieth of June, 1880, divorcing Mary Ann Ashley from Anderson Ashley, awarding to her custody of their child, and adjudging the costs of the suit against him.

The decree was excluded by the court, on what particular ground does not appear ; and the State having no other evi-

·dence to prove that the first wife was living when the second
marriage occurred, the jury were instructed by the court to
return a verdict of acquittal.

It is not probable that the Tennessee Chancery Court ren-
·dered a decree divorcing and awarding custody of a child to
·a dead woman. The decree in her favor (fixing her status)
should have been admitted as *prima facie* evidence that she
was living when it was rendered. *Holbrook* v. *State*, 34
*Ark.*, 519.

But the accused having been acquitted on a valid indict-
ment, there can be no reversal of the judgment on this
appeal by the State. *State* v. *Hand*, 6 *Ark.*, 169; *Gantt's
Digest*, sec. 2129.

