STATE *v.* SMITH AND LONGAN.

Opinion delivered March 15, 1915.

1. BILL OF EXCEPTIONS—AGREEMENT BY COUNSEL—PARTIES BOUND.—When a bill of exceptions is signed only by counsel under the act of April 28, 1911,* it binds only those parties to the action who are represented by attorneys signing the same.

2. CONSPIRACY—ACQUITTAL OF CO-CONSPIRATOR.—If two persons alone are indicted for a criminal conspiracy, the acquittal of one is an acquittal of the other, no other person, known or unknown, having been charged with conspiracy with the persons indicted, and this rule obtains although one of two co-conspirators was acquitted upon technical grounds alone.

3. CONSPIRACY—ACQUITTAL—PRACTICE.—A. and B. alone were indicted for a criminal conspiracy. Both were acquitted. The State appealed, but failed to perfect its appeal as to B., by reason of there being no bill of exceptions in his case. The judgment against B. was therefore affirmed, and of necessity, B. being acquitted, the judgment of acquittal against A. must also be affirmed.

Appeal from Washington Circuit Court; *J. S. Maples,* Judge; affirmed.

*Wm. L. Moose* Attorney General, *Jno. P. Streepey,* Assistant, and *C. A. Fuller,* Prosecuting Attorney, for appellant.

*Rice & Dickson,* for appellee Smith.

1. There is no motion for new trial in the record.

2. It is doubtful that there is a sufficient authentication of the bill of exceptions even as to Smith. Mr. Fuller's term of office had expired when he signed the agreement as to the correctness of the bill of exceptions. Had he authority to do so?

*J. Wythe Walker,* for appellee Longan.

The alleged bill of exceptions was not signed either by Longan or his counsel. As to him there is nothing

---

*Act 218, Acts 1911.

before the court and the judgment should be affirmed. Acts 1911, p. 192, § 1.

McCULLOCH, C. J.　The defendants H. C. Smith and J. C. Longan were jointly indicted by the grand jury of Benton County for conspiracy, alleged to have been committed by conspiring together to defraud the county in a transaction concerning the purchase of a tract of land. A change of venue was granted and the cause removed to Washington County, where it went to trial. The trial resulted in a verdict and judgment for defendants and the State has appealed.

(1)　It is insisted by counsel for Longan that there is no bill of exceptions in the case, and that for that reason the judgment must be affirmed, inasmuch as it is not claimed that the record entries disclose any error of the court. The bill of exceptions in the record was not signed by the judge, but was approved by counsel representing the State and also by counsel representing defendant Smith. There was an attempt on their part to comply with the act of April 28, 1911, which provides that in cases other than felony cases "where the parties to an action agree in writing upon the correctness of a bill of exceptions by endorsement thereon, signed by one or more counsel of record of the respective parties, it shall be the duty of the clerk of the court, in which the case is pending, to at once file such agreed bill of exceptions and the same shall become a part of the record." The certificate of the attorneys was in accordance with the terms of the statute, but it binds only the parties who joined in the approval, and not parties who were unrepresented by the attorneys who signed it. Obviously it was the intention of the Legislature to permit the parties themselves, through their counsel, to agree upon a bill of exceptions without the necessity of having the judge approve it, but it was not the intention to bind a party who was not represented by the attorneys who signed it. The presumption might be indulged, in the absence of a showing to the contrary, that counsel who signed the bill of exceptions represented the parties, but

in this instance the certificate of counsel who signed shows on its face that they only represented Smith. It follows, therefore, that Longan is not bound by the bill of exceptions agreed to between the other parties, that is to say, between counsel for Smith and for the State; and, as there is no bill of exceptions in the case, there is nothing before us to review, so far as the trial of the case is concerned, and the judgment as to him must be affirmed.

It is argued by counsel for Smith that the acquittal of Longan, under the indictment which charges conspiracy between him and Smith, necessarily operates as an acquittal of Smith for the reason that the adjudication that one of the co-conspirators is not guilty operates as an acquittal of the other. *Cummock* v. *State*, 87 Ark. 34. However, we do not get to that question in the case, for there is no motion for new trial in the record. The bill of exceptions agreed upon between Smith's counsel and the attorney representing the State, shows that the court, at the conclusion of the introduction of evidence, gave a peremptory instruction in favor of the defendants, and it is necessary for a motion for new trial to have been filed in order to bring the ruling before us for review. The record entry shows that the motion for new trial was filed, but it is not brought up in the record.

Judgment affirmed.

ON RE-HEARING.

McCULLOCH, C. J. (2-3) It is now made to appear to our satisfaction that the State's motion for a new trial in this case was brought up in the transcript but by accident was detached from it while the case was in course of preparation for submission. Counsel for the State are not, under the circumstances, open to the charge of negligence, and we deem it proper to allow a copy of the motion to be certified up so that the appeal may be considered on its merits. If, however, it be found that the judgment of affirmance is right on other grounds, the petition for rehearing should be overruled, and we have reached the conclusion that such is the state of this case. There is no bill of exceptions as to defendant Longan. There-

fore the judgment of acquittal must stand affirmed, as
indicated in the original opinion. The bill of exceptions
applicable to the case of defendant Smith shows that the
court directed a verdict in favor of both defendants on
the ground that a material allegation in the indictment
had not been sustained by proof. It is unimportant,
however, what ground the court based its judgment on,
for it is a judgment of acquittal on the merits of the case,
even though it be, as contended by counsel for the State,
purely on technical grounds. If the judgment against
defendant Smith should be reversed, the State would,
upon another trial of the case, be confronted with a
judgment of acquittal of the alleged co-conspirator Lon-
gan, and that would in law operate as an acquittal of
Smith, the indictment charging only a conspiracy be-
tween the two. The rule is well established that if more
than two persons are jointly indicted for a conspiracy,
the acquittal of some of them does not operate as an
acquittal of all, for the reason that two persons only may
commit the crime of conspiracy, but "if two persons alone
are indicted, the acquittal of one is an acquittal of the
other, no other person known or unknown having been
charged with conspiracy with the persons indicted." 5
Standard Encyclopedia of Procedure 319. The *Cumnock*
case, *supra,* does not quite reach to the point of this case,
though the principle is broadly stated that the acquittal
of one conspirator operates as an acquittal of both. In
that case both conspirators were convicted on a joint
trial and on appeal the case had to be reversed as to one
and we held that that necessarily operated as a reversal
as to the other. Cases are cited in the opinion, however,
which do thoroughly sustain the defendants' contention
here that the judgment of acquittal of Longan necessarily
operated as an acquittal of Smith, and it will be useless
to reverse the judgment for a new trial which would
necessarily result in an acquittal because of the former
judgment of acquittal of the co-conspirator. It is, as
before stated, unimportant whether the acquittal of the
co-conspirator was upon technical grounds or not, if

there was a trial upon the merits of the case and a final judgment rendered after jeopardy had attached.

The following authorities, in addition to those already cited, fully sustain the views announced: 2 Bishop, New Criminal Procedure, § § 1019 and 1022; 2 Wharton on Criminal Law, § 1655; *Jones* v. *Commonwealth,* 31 Gratt. (Va.) 836; *State* v. *Jackson,* 7 S. C. 283, 24 Am. Rep. 476; *People* v. *Richards,* 51 Am. Dec. (note) 84; *State* v. *Tom,* 13 N. C. 569; *Evans* v. *People,* 90 Ill. 384.

It follows, therefore, that the petition for rehearing must be overruled for the reason that the judgment of affirmance is correct, notwithstanding the fact that the former opinion was based on the erroneous ground that there was no motion for new trial in the record.