NORDIN *v*. STATE.

Opinion delivered April 12, 1920.

1. INDICTMENT AND INFORMATION — ELECTION BETWEEN COUNTS.— Where an indictment for selling liquor contained two counts, one charging defendant with selling and the other with being an accessory to a sale, being present ready to aid, the court properly overruled a motion to require the State to elect, as the two counts charged the same offense in different manner.

2. CRIMINAL LAW—INSTRUCTION AS TO CIRCUMSTANTIAL EVIDENCE.— Where the State did not rely wholly upon circumstantial evidence, it was not error to refuse to instruct that the State was asking a conviction on such evidence.

3. CRIMINAL LAW—INSTRUCTION—WEIGHT OF EVIDENCE.—In a prosecution for selling liquor, a requested instruction that the fact that defendant might have been present when whiskey was sold was not sufficient evidence to sustain a conviction was properly refused as on the weight of evidence.

4. CRIMINAL LAW—ERROR IN ADMISSION OF EVIDENCE.—Error in admitting certain testimony was cured by the action of the court in excluding it and instructing the jury not to consider it.

5. CRIMINAL LAW—NECESSITY OF BILL OF EXCEPTIONS.—Exceptions to the court's rulings set out in the motion for new trial but not preserved in the bill of exceptions will not be considered on appeal.

Appeal from Johnson Circuit Court; *A. B. Priddy*, Judge; affirmed.

*George Patterson* and *Jesse Reynolds*, for appellant.

1. The court erred in failing to require the State to elect upon which count in the indictment the defendant should be tried, as defendant in one count was charged as the principal and as accessory in the other. 135 Ark. 334; Kirby's Digest, §§ 1560-2; 84 Ark. 608.

2. The court erred in giving instruction No. 4. 55 Ark. 593; 83 *Id.* 227. Also in refusing Nos. 1 and 2, asked by defendant. Also in refusing No. 4. *Supra.*

3. The court erred in its rulings as to the the admission of testimony and in allowing the prosecuting attorenys remarks in his closing argument to go to the jury. The case should be reversed on the facts, as the evidence was insufficient to sustain a conviction on either count.

*John D. Arbuckle,* Attorney General, and *J. B. Webster,* Assistant, for the appellee.

1. One can be charged both as a principal and accessory in the same indictment. 42 Ark. 105; 50 *Id.* 305; 59 *Id.* 422. Here both counts charge appellant as principal. The fact that the word accessory was used in the first clause of the second count does not make such count a charge of accessory before the fact. A name does not establish the character of the charge, but the specific acts charged determine the offense. 130 Ark. 457; 34 *Id.* 275; 77 *Id.* 480; 102 *Id.* 651.

2. Both counts charge the same offense, and the court below took that view of it. Kirby's Digest, § 1563.

3. There is no merit in the complaint as to the instructions. They state the law.

4. There was no error in admitting testimony. The remarks of the prosecuting attorney were mere expressions of his opinion and were not prejudicial. 112 Ark. 452; 115 *Id.* 101. There was no abuse of the discretion of the court. 23 Ark. 32; 293 S. W. 89.

5. The evidence, both direct and circumstantial, sustains the verdict and the finding should not be distrubed.

WOOD, J. This is an appeal from a judgment of conviction of the crime of selling liquor. The indictment was in two counts. The first charged in effect that the appellant "on the 18th day of October, 1919, did wilfully, unlawfully and feloniously sell and give away and was wilfully, unlawfully and feloniously interested in the sale and giving away of ardent, vinous, malt, spirituous and

fermented liquors and alcoholic spirits and a certain compound and preparation thereof commonly called tonics, bitters and medicated liquors against the peace and dignity of the State of Arkansas. The second count charged appellant "of the crime of accessory to the sale of liquor committed as follows, towit: The said Aubry Nordin, in the county and State and at the time aforesaid, was willingly, unlawfully and feloniously present, aiding, abetting and assisting and ready and consenting to aid and abet in the commission of a felony, towit: The sale of liquor, which said felony was committed as follows: One Jim Barling in the county and State aforesaid, on the 18th day of October, 1919, did wilfully, unlawfully and feloniously sell and give away and was wilfully, unlawfully and feloniously interested in the sale and giving away of ardent, vinous, malt, spirituous and fermented liquors and alcoholic spirits and a certain compound and preparation thereof commonly called tonics, bitters and medicated liquors by the said Jim Barling to the said John Honiker as aforesaid, the said Aubry Nordin was unlawfully and feloniously present, aiding and abetting and ready to aid and abet as aforesaid, against the peace and dignity of the State of Arkansas."

Appellant first contends that the court erred in overruling the appellant's motion to require the State to elect as to whether the appellant should be prosecuted as a principal or as an accessory.

Section 2286 of Kirby's Digest provides that "a demurrer is proper where more than one offense is charged in the indictment."

In *Harris* v. *State,* 140 Ark. 46, we expressly overruled *Gramlich* v. *State,* 135 Ark. 243, holding to the contrary. Moreover, under the doctrine of *Harris* v. *State, supra,* the indictment in the case at bar merely charges the same offense committed in different methods. The first count charges "the commission of the offense through a sale made by appellant himself," and the second count charges the "offense to have been

committed through a sale made by Barling at which appellant was present, aiding and abetting and assisting."

Under the allegation of the second count the appellant was a principal offender, section 1563, Kirby's Digest, and this count charged him with committing the offense in a different manner from that charged in the first count. It is immaterial that in the second count the offense of which appellant is charged is designated as "the crime of accessory of the sale of liquor." The facts alleged show that he was the principal and these facts characterize the offense with which he was charged. In addition to *Harris* v. *State, supra,* and cases cited therein, see *Lacefield* v. *State,* 34 Ark. 275; *Harrington* v. *State,* 77 Ark. 480; *Kelly* v. *State,* 102 Ark. 651.

The appellant also contends that the court erred in refusing to instruct the jury that the State was asking a conviction of appellant on circumstantial evidence. The court did not err in refusing to grant this prayer, for the reason that this was not a case based wholly on circumstantial evidence.

The appellant urges that the court erred in refusing to tell the jury that the fact that the appellant may have been present at the time that whiskey had been sold or given away is not sufficient evidence upon which to convict the defendant, etc. This prayer was on the weight of the evidence, and the court did not err in refusing it. Likewise, the court did not err in refusing appellant's prayer for instructions 3 and 4. These were on the weight of the evidence, argumentative and calculated to confuse and mislead the jury. It suffices to say that the charge of the court, taken as a whole, was a full and fair presentation of the law of the case applicable to the facts which the evidence tends of prove.

Appellant contends that there is no testimony in the record tending to connect the appellant directly or indirectly with any sale. It could serve no useful purpose to set out in detail and discuss the testimony. We have examined the same and found that the evidence was suffi-

cient to warrant the jury in finding the appellant. guilty of the crime charged.

The appellant insists that the court erred in permitting the sheriff, D. B. Bartlett, to testify that he heard some one say, "Do you reckon that Aubry will get scared and not come back?" and that he did not know who made the remark.

The testimony of Sheriff Bartlett as abstracted by the appellant on this point is as follows: "Cobe Metcalf drove up in his car and we followed on up within thirty or forty feet of where Honiker and the boys were standing, and we heard Cobe Metcalf say, 'Reckon Aub will get scared and not come back, not know who I am?' "

The record shows that the appellant's attorney moved to exclude from the consideration of the jury the alleged statement of Cobe Metcalf. The court sustained the motion and instructed the jury not to consider it. The error in first admitting the testimony was thus cured by the action of the court in thereafter excluding it and instructing the jury not to consider it.

There are other assignments of error in the rulings of the court in the admission of testimony which we have examined and we do not find that the court erred in any of these rulings. The appellant contends that the court erred in permitting the prosecuting attorney over the objection of the appellant to make certain remarks in his closing argument to the jury.

Counsel for appellant in their abstract of the motion for new trial set forth certain remarks purporting to have been made by the prosecuting attorney in his closing argument to the jury. But they did not abstract these remarks as contained in the bill of exceptions. The motion for new trial, although set forth at length in the bill of exceptions, is not itself the bill of exceptions. The motion for new trial contains assignments of error which appellant alleges entitle him to a new hearing, but we must look to the bill of exceptions to find what the rulings of the court were to which exceptions were saved. The exceptions that were taken to the rulings of the court dur-

ing the progress of the trial must be preserved by a bill of exceptions. The purpose of the motion for new trial is to call the attention of the court to the errors preserved in the bill of exceptions which the party conceives entitled him to a rehearing.

An objection to the rulings of the trial court and an exception to these rulings can not be reviewed here, in the absence of a bill of exceptions showing what these remarks and rulings of the court thereon were. *Peterson v. Gresham,* 25 Ark. 380; *Ry. v. Combs,* 51 Ark. 324; *St. L., I. M. & S. Ry. Co. v. Brown,* 100 Ark. 108; *Ward v. Fort Smith L. & T. Co.,* 123 Ark. 548, and other cases collated in 1 Crawford's Digest, Review of Proceedings at Trial, page 175.

There is no reversible error in the record and the judgment is, therefore, affirmed.