## STATE *v.* GRAY.

### Opinion delivered October 29, 1923.

1. CRIMINAL LAW—FORMER JEOPARDY.—Under Const., art. 2, § 8, one acquitted of a felony by a directed verdict has been put in jeopardy, and cannot be placed on trial a second time for the same offense.

2. CRIMINAL LAW—APPEALS BY STATE IN FELONY CASES.—Under Crawford & Moses' Dig., § 3411, providing for appeals by the State in felonies where the Attorney General is satisfied that error has been committed upon which it is important to the correct and uniform administration of the criminal law that the Supreme Court should pass, he may take an appeal, *held* where the only error alleged to have been committed was in directing a verdict upon the evidence, and the appeal would not secure the correct and uniform administration of the law in other cases, the appeal will be dismissed.

Appeal from Independence Circuit Court; *Dene H. Coleman,* Judge; appeal dismissed.

*J. S. Utley,* Attorney General; *John L. Carter, Wm. T. Hammock* and *Darden Moose,* Assistants; *H. U. Williamson,* prosecuting attorney, and *Samuel M. Casey,* special counsel, for appellant.

1. It was error to require the State to elect. The two counts in the indictment were used only for the purpose of charging one offense in two different modes. 32 Ark. 203; 45 Ark. 62; 50 Ark. 305.

2. It was error to instruct a verdict of not guilty. As to the venue, see C. & M. Dig., § 2871; 54 Ark. 611; 16 C. J. 189-190. There was evidence that appellee received the cotton from Lovewell and was to account to him for it, and that he pledged this cotton for his own individual debt. 42 Am. St. Rep., 38; 95 Am. Dec. 400;

2 Clark & Skyles, Law of Agency, §§ 837, 838; 109 Ark.
411. See also L. R. A. 1918-E, 744 *et seq.,* note.

*S. M. Bone,* for appellee.

1.   Two separate offenses were charged. To require
the State to elect was the proper procedure. 32 Ark.
203; 38 Ark. 555.

2.   The appeal should be dismissed. The ruling
of the court was clearly upon the sufficiency of the evi-
dence.

WOOD, J. The appellee was indicted in the Inde-
pendence Circuit Court of the crime of embezzlement.
The indictment, omitting formal parts, is as follows:

"1.   That the said T. A. Gray, in the county and
State aforesaid, on the———day of June, 1920, then
and there being over the age of 16 years, and being the
agent of W. R. Lovell, and having in his custody and
possession twelve bales of cotton as such agent, the prop-
erty of W. R. Lovell, of the value of $1,713, did unlaw-
fully, feloniously and fraudulently make away with,
embezzle and convert to his own use the said twelve
bales of cotton aforesaid, without the consent of him,
the said. W. R. Lovell, against the peace and dignity of
the State of Arkansas.

"2.   The said T. A. Gray, in the county and State
aforesaid, on the ...............day of June, 1920, then and there
being over the age of 16 years, and being the agent of
W. R. Lovell, and having in his custody and possession
the sum of $1,713, gold, silver and paper money of the
United States of America, as such agent, the property of
W. R. Lovell, of the value of $1,713, the said T. A. Gray
being the agent of the said W. R. Lovell, as aforesaid,
the said sum of $1,713 being the proceeds of twelve bales
of cotton, the property of W. R. Lovell, and in the
custody of the said T. A. Gray, as such agent, did unlaw-
fully, wilfully and feloniously and fraudulently make
away with, embezzle and convert to his own use the
said sum of $1,713, without the consent of the said W. R.

Lovell, against the peace and dignity of the State of Arkansas.''

W. R. Lovell, a witness for the State, was introduced, and, after testifying as to his residence and occupation, was asked if he knew the defendant, and, upon answering that he did, was asked if, some time in 1920, witness turned over some cotton to the appellee as the agent of witness to sell, and, if so, how much cotton he turned over to the appellee. Thereupon the appellee moved the court to require the State to elect on which count of the indictment it desired to stand. The court sustained the motion, to which ruling the appellant duly excepted. The State thereupon elected to stand on the first count in the indictment, charging the defendant with the embezzlement of the cotton. The cause then proceeded to trial on that count. Various objections were made by the appellant to the rulings of the court as the cause progressed, in the admission and exclusion of testimony, but the conclusion we have reached makes it unnecessary to set out the testimony and discuss the rulings of the court concerning the same. After the testimony was adduced on behalf of the State, the appellee moved the court to instruct the jury to return a verdict of not guilty, which motion the court granted. The appellant duly excepted to the ruling. There was no motion for new trial, and no statement that the second count was intended to charge the same offense as the first count, but in a different mode, and no such statement is made in the record anywhere. From the judgment of the court discharging the defendant is this appeal.

We are confronted *in limine* with the question of whether or not this appeal should be dismissed. By this appeal the State undertakes to have the court decide two questions; first, whether or not the trial court erred in requiring the State to elect, and second, whether or not the court erred in directing a verdict of not guilty. The crime charged against the appellee, under the

statute, is a felony and punishable by imprisonment in the State Penitentiary. Sections 2500 and 2488, Crawford & Moses' Digest. The appellee was tried for the offense charged, and acquitted by the verdict of the jury, under the direction of the court. He had therefore been put in jeopardy of his liberty, and cannot be put in jeopardy again for the same offense. Art. 2, § 8, Constitution of 1874. Sections 3410 and 3411 of Crawford & Moses' Digest provide for appeals by the State. Section 3411 provides that, "if the Attorney General, on inspecting the record, is satisfied that error has been committed to the prejudice of the State, and upon which it is important, to the correct and uniform administration of the criminal law, that the Supreme Court should decide, he may, by lodging the transcript in the clerk's office of the Supreme Court within sixty days after the decision, take the appeal."

Both questions presented by the record in this case, upon which the State seeks the judgment of this court, are purely abstract questions of law, and it occurs to us that neither of them are important as a precedent to the correct and uniform administration of the criminal law. What useful purpose could be subserved by determining the question presented by this record as to whether or not the court erred, under the peculiar facts, in compelling the State to elect on which count of the indictment it would prosecute? There is no warrant for the assumption that a similar state of facts will ever arise again, and, even if such were probable, in construing this statute neither the Attorney General nor this court is justified in dealing with mere probability, and by so doing allowing an appeal to be prosecuted by the State to elicit a decision by this court on alleged erroneous rulings of the lower court, which decision is not important to the correct and uniform administration of the criminal law.

In the very recent case of *State* v. *Spear and Boyce,* 123 Ark. 449, construing the above statute, we said:

"It is clear that appeals in felony cases are not allowed by the State except in cases where it is important to have the court correct errors which prevent the uniform administration of the criminal law. Appeals are not allowed merely to demonstrate the fact that the trial court has erred. The question of the legal sufficiency of the evidence in a given case constitutes a question of law for the decision of the court, but it cannot become a precedent for application in another case because of the varying state of facts in different cases, and therefore the decision of that question, even though it be one of law, is not important in the uniform administration of the criminal law." And in the still more recent case of *State* v. *Mills, ante,* p. 194, we held the statute granting to the State the right of appeal in criminal cases does not contemplate an appeal in a case where the only error alleged is that the court incorrectly decided that the evidence was not sufficient to warrant a submission of the issue to the jury. See also *State* v. *Smith,* 94 Ark. 368, where we said: "The object and purpose of this provision of the statute is to obtain the decision of this court upon questions of criminal law, so that it may serve to secure the correct and uniform administration thereof. But if the decision of the question presented by the appeal would not serve such purpose, then it would not be of sufficient importance, under this provision of the law, to render an opinion thereon, and the appeal should not, in such case, be entertained." The doctrine of those cases rules this.

The appeal is therefore dismissed.

McCulloch, C. J., (dissenting). The question sought to be presented for decision on this appeal is whether or not the charge of embezzlement by misappropriating bales of cotton and the charge of embezzlement by misappropriating the proceeds of the same bales of cotton can be joined in different counts of a single indictment. This is a clear-cut question of law, and the prosecuting attorney and Attorney General seek

to obtain the opinion of the court thereon, but the majority have announced the conclusion that the appeal should be dismissed for the reason that it is not of sufficient importance to warrant the appeal. It seems to me that in reaching that conclusion it puts this court in the attitude of usurping the authority expressly delegated by statute to the prosecuting attorney and the Attorney General. Crawford & Moses' Digest, §§ 3410, 3411. Under the provisions of the statute it requires the concurrence of both of those officers in order to take an appeal to this court. The prosecuting attorney must first pray for the appeal and submit the transcript to the Attorney General, then the Attorney General may perfect the appeal by lodging the transcript with the clerk of the Supreme Court. The statute (§ 3411) provides that, when the Attorney General "is satisfied that error has been committed to the prejudice of the State, and upon which it is important, to the correct and uniform administration of the criminal law, that the Supreme Court should decide, he may * * * take the appeal." This very language of the lawmakers commits to the Attorney General, who is the chief law officer of the State, the duty of determining whether or not a question of law involved in a criminal case is of sufficient importance to warrant taking the opinion of the Supreme Court. I think that the prior decisions of this court show that such has been the interpretation placed on the statute. In *State* v. *Dulaney,* 87 Ark. 17, Chief Justice HILL, speaking for the court, after calling attention to the provisions of the statute, said: "This is a method afforded law officers of the State to take the opinion of the Supreme Court upon questions which they consider important to the correct and uniform administration of the criminal law."

It is true that we have held, in several cases cited in the majority opinion, that, where nothing is involved except the legal sufficiency of the evidence, the case on its face shows it cannot become a precedent in other

cases, and is therefore not of sufficient importance to justify an appeal.

Of course, the power of the Attorney General is not absolute, and, if he brings an appeal which shows affirmatively on its face that it involves a question of such character that it cannot in any view be important, then the power to appeal does not exist; but if it is a question of discretion in determining whether or not the question might not arise hereafter so as to become important. then the statute commits it to the Attorney General and not to the court, and I think that the court exceeds its powers in assuming to exercise that discretion.

There is a considerable number of decisions in felony cases where the State has appealed, and a reference to only a few of them is, in my judgment, sufficient to show the error of the court in the present decision. Take, for instance, the cases of *State* v. *Ashley*, 37 Ark. 403; *State* v. *Gooch*, 60 Ark. 218; *State* v. *Dulaney, supra*; *State* v. *Binkley*, 123 Ark. 240. In each instance there was presented the question of admissibility of testimony, and in each of those cases we entertained an appeal and decided the question of law presented. In the Gooch case the defendant had been indicted for stealing a horse, and the proof adduced by the State tended to show the theft of a mare, and the court held that there was a variance and directed a verdict of not guilty. The Attorney General prosecuted an appeal, which was entertained by the court, and, after a thorough discussion of the question by Judge RIDDICK, speaking for the court, it was decided that the court had erred in its ruling, and a declaration of law was made to that effect.

I am unable to see why the questions of law involved in the Gooch case and the other cases cited above present any more clearly questions of law than the present case.

Mr. Justice HUMPHREYS joins me in this dissent.