STATE *v.* MOORE.

Opinion delivered December 15, 1924.

1. CRIMINAL LAW—TIME OF FILING BILL OF EXCEPTIONS.—A bill of exceptions not filed in time will not be considered.

2. CRIMINAL LAW—ABSENCE OF BILL OF EXCEPTIONS.—In the absence of a bill of exceptions, unless the judgment roll presents error, it will be presumed that the court's rulings were correct, and the judgment will be affirmed.

3. CRIMINAL LAW—ABSENCE OF MOTION FOR NEW TRIAL.—Where there is no motion for new trial, only errors appearing on the face of the record will be considered on appeal.

4. CRIMINAL LAW—LIABILITY FOR COSTS.—One indicted for a felony and convicted for a misdemeanor included in the indictment was properly relieved of the costs under the felony charge if he did not have property to pay them.

5. CRIMINAL LAW—LIABILITY FOR COSTS.—Where no bill of exceptions was filed on appeal by the State from a judgment relieving accused of the costs of a felony prosecution on his conviction

of a misdemeanor included in the felony charge, it will be presumed on appeal that the court found that he did not have property to pay such costs.

Appeal from Scott Circuit Court; *John E. Tatum,* Judge; affirmed.

*J. Sam Wood,* for appellant.

*Bates & Duncan,* and *Evans & Evans,* for appellee.

WOOD, J. The appellee was indicted for the crime of assault with intent to kill. He was tried for that offense and convicted of an aggravated assault, and his punishment was fixed at a fine of $500 and an hour in prison in the county jail. The appellee moved the court to retax the cost, alleging in his motion that he was acquitted of the felony charge in the indictment and convicted of a misdemeanor; that the costs incident to the misdemeanor charge amounted in the aggregate to $16.70, and alleged that all costs above that sum were incident to the felony charge, and should be taxed against the county and not against the appellee. He prayed that he be required to pay as costs only the sum of $16.70.

The record recites that "the motion is, after due consideration by the court, sustained," and the court proceeded to render judgment against the appellee in the sum of $500 as a fine and the sum of $16.70 as costs. The State, through her district attorney, excepted to the ruling of the court, and prayed an appeal from the decision relieving the defendant of the costs in the felony prosecution, and the court granted the State 45 days in which to prepare and file its bill of exceptions. The State filed no motion for a new trial. Judgment was rendered on August 19, 1924. What purports to be a bill of exceptions bears a filing mark of October 4, 1924, and has indorsed on it "O. K. this the 14th day of October, 1924. John E. Tatum, Judge of the 12th Judicial Circuit of Arkansas." It thus appears that what purports to be the bill of exceptions was not signed by the trial judge and filed within the time allowed. There is therefore no bill of exceptions in the record, and the

record does not show that there was a motion for a new trial. Unless therefore the judgment roll presents an error, we must presume that the ruling of the trial court was in all things correct, and affirm its judgment.

It is a well settled rule of this court that, where there is no motion for a new trial, only errors appearing on the face of the record will be considered on appeal. *Smith* v. *Wallis-McKinney Coal Co.,* 140 Ark. 218; *Free* v. *Adams,* 148 Ark. 654. The same rule applies in regard to the bill of exceptions. *Crow* v. *Cox,* 158 Ark. 641. There is no error appearing on the face of the record itself. A motion for a new trial and a bill of exceptions would be unnecessary if the court's finding of fact entered in its judgment disclosed an error in the court's ruling in retaxing the costs. *Vaughan* v. *Hinkle,* 146 Ark. 149. But the court's findings of fact are not set forth in the record, and there is nothing to disclose any error in the judgment of the court. In the absence of a bill of exceptions, and the error not appearing on the judgment roll, this court will presume that the trial court found the existence of every fact essential to the correctness of its judgment. *Rogers* v. *Meyers,* 143 Ark. 490.

In *Boone County* v. *Mitchell,* 64 Ark. 125, and *Smith* v. *State,* 105 Ark. 58, we held that, where defendants were indicted for felony and acquitted of the felonies and convicted of misdemeanors included in the indictment, "if they shall not have the property to pay the costs, the same shall be paid by the county." In the absence of a bill of exceptions it will be presumed that the court found the fact to be, in this case, that the appellee Moore did not have property to pay the costs. Such being the case, under the doctrine of the above cases, appellee Moore was not liable for the costs accruing under the felony charge, and the court did not err in so holding.

The judgment is affirmed.