STATE *v.* WILHITE.

4466                                        204 S. W. 2d 562

Opinion delivered October 6, 1947.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellant.

ED. F. McFADDIN, Justice. Appellee, Wilhite, was indicted for violation of § 1 of Act 193 of 1943, it being alleged that Wilhite had ''by the use of force and violence attempted to prevent W. C. Rogers from engaging in work . . . contrary to the statute . . . '' Wilhite was tried under the indictment; and at the conclusion of the testimony offered by the State, the trial court announced that the evidence was insufficient to support a verdict of guilty as charged, and thereupon instructed the jury to return a verdict finding Wilhite not guilty of any violation of § 1 of said Act 193.* Because of this instructed verdict, the State has attempted to appeal to this court under the provisions of §§ 4253-4, Pope's Digest.

* The circuit court, in directing a verdict of not guilty of any violation of § 1 of said Act 193, at the same time directed a verdict of guilty of assault and battery. The jury fixed the fine at $50, and there is no appeal from that conviction of assault and battery.

At the threshold of this appeal, the State is faced with the fact that the record contains no motion for new trial. To overcome this deficiency, the Attorney General points to a sentence in the case of *State* v. *Gray,* 160 Ark. 580, 255 S. W. 304, in which sentence it is mentioned that there was no motion for new trial in that case, and nevertheless the court then proceeded to dismiss the appeal on another point. The full sentence to which the Attorney General points is this: ''There was no motion for new trial, and no statement that the second count was intended to charge the same offense as the first count, but in a different mode, and no such statement is made in the record anywhere.'' The statement, that there was no motion for new trial, was clearly a surplusage, because the State's appeal was dismissed on another ground.

We have a number of cases decided by this court preceding and following the case of *State* v. *Gray;* and in each of these cases, now to be mentioned, it is clearly stated that there must be a motion for new trial filed in the circuit court as an essential to an appeal by the State, on any matter that does not appear on the face of the record.

In *State* v. *Smith and Longan,* 117 Ark. 384, 175 S. W. 392, the State attempted to appeal, but failed to include in the record any motion for new trial as against the appellee, Smith, and as to him we said: '' . . . there is no motion for new trial in the record. The bill of exceptions agreed upon between Smith's counsel and the attorney representing the State shows that the court, at the conclusion of the introduction of evidence, gave a peremptory instruction in favor of the defendants, and it is necessary for a motion for new trial to have been filed in order to bring the ruling before us for review.''

In *State* v. *Moore,* 166 Ark. 499, 266 S. W. 460, the State attempted to appeal without a motion for new trial, and we said: ''It is a well-settled rule of this court that, where there is no motion for a new trial, only errors appearing on the face of the record will be considered on

appeal. *Smith* v. *Wallis-McKinney Coal Co.*, 140 Ark. 218, 215 S. W. 385; *Free* v. *Adams,* 148 Ark. 654, 228 S. W. 371.''

In *State* v. *Neil,* 189 Ark. 324, 71 S. W. 2d 700, the State attempted to appeal in a case where the trial court had instructed a verdict of not guilty. The record did not show that the motion for new trial had been presented to the trial court within the proper time; and, in affirming the judgment, we said: ''A motion for a new trial is essential to the review of an alleged error which does not appear upon the face of the record, and is essential in this case to a review of the action of the court in directing the jury to return a verdict of not guilty. The purpose of a motion for a new trial is to call the alleged errors occurring during the trial to the attention of the court, and to afford an opportunity for correction by granting a new trial if the errors may not otherwise be corrected. *Nordin* v. *State,* 143 Ark. 364, 220 S. W. 473.''

These three cases are ruling. Since there was no motion for new trial in the case at bar, and since the only question raised is the sufficiency of the evidence to support the verdict, we hold that the failure to file the motion for new trial is fatal to the appeal. Affirmed.

ROBINS and MILLWEE, JJ., concur.

ROBINS, J. (concurring). I concur in the result reached, but not in the reasons given by the majority.

In the first place, in my opinion, the lower court correctly held that the evidence adduced was not sufficient to show that a felony had been committed.

Furthermore, the only question presented by the state's appeal is the sufficiency of the evidence, and we have heretofore laid down the rule that we would not entertain such an appeal. *State* v. *Smith,* 94 Ark. 368, 126 S. W. 1057; *State* v. *Spear and Boyce,* 123 Ark. 449, 185 S. W. 788; *State* v. *Gray,* 160 Ark. 580, 255 S. W. 304; *State* v. *Massey,* 194 Ark. 439, 107 S. W. 2d 527; *State* v. *Dixon,* 209 Ark. 155, 189 S. W. 2d 787.

But I do not agree that a motion for a new trial by the state was a prerequisite for an appeal such as this. Appeals by the state from judgments of the lower court are not governed by the procedure in other cases. Such an appeal is a special statutory proceeding authorized by §§ 4253 and 4254, Pope's Digest, not for the purpose of awarding a new trial to the state, but for the purpose of obtaining from this court a declaration of law, on the controverted question, that may be a precedent in future trials. The statute does not enjoin the filing of such a motion, and despite some previous declarations of this court, I do not think such motion should be required. Neither the circuit court nor this court can ever grant a new trial in a criminal case, where the punishment may be imprisonment and the accused is acquitted by a jury. In such a case the defendant has been put in jeopardy by the first trial, no matter how erroneously conducted by the judge; and a subsequent trial would violate the constitutional prohibition against double jeopardy.

The provisions of our statute authorizing appeals by the state (§§ 4253 and 4254, Pope's Digest) seem to have been borrowed almost literally from the Kentucky code. The Kentucky Court of Appeals, in the case of *Commonwealth* v. *Williams,* 230 Ky. 71, 18 S. W. 2d 881, construing these provisions of the Kentucky code, said: "In felony cases . . . in which appeals are allowed for certification of the law no motion . . . for a new trial is required."

Since there could be no new trial in a case of this kind, the state ought not, in order to appeal, be required to ask for a new trial. The law ought never require the doing of a vain and useless act.

I am authorized to state that Mr. Justice MILLWEE concurs in the views above expressed.